IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MATTHEWS | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| BOROUGH OF OLYPHANT, ET AL: | | NO. 10-cv-1215 |
| | : | JUDGE MUNLEY |

**<u>DEFENDANTS, BOROUGH OF OLYPHANT, OLYPHANT POLICE
DEPARTMENT, AND OFFICERS ARTHUR, BOROWICZ AND
FLESHER'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

**NOW** come Defendants, Borough of Olyphant, Olyphant Police Department and Officers Arthur, Borowicz and Flesher, by and through their respective counsel of record, Mayers, Mennies & Sherr, LLP, and file this Motion to Dismiss Plaintiff's Complaint and in support thereof, aver as follows:

1. In this purported civil rights action, Plaintiff, Richard Matthews seeks to recover for alleged violations of his Fourth and Fourteenth Amendment rights against Defendants, Borough of Olyphant, Olyphant Police Department Officers Arthur, Borowicz and Flesher, Borough of Dickson City, Dickson City Police Department, Thomas Logan, Runco's Tavern & Grill, Inc. and Marc Runco.

2. Mr. Matthews also alleges various state law claims, including claims for false arrest/false imprisonment and malicious prosecution against all individually named police officers.

3. On February 19, 2009, Plaintiff, Richard Matthews alleges he was a

business invitee at the business of Defendant, Runco's Bar & Grill, Inc.[1] (Comp at ¶ 19).

4. He claims that while at Runco's, Defendant, Thomas Logan and another patron, Brian Doughton began fighting in the bar. (Comp at ¶ 21).

5. Mr. Matthews claims as the fight moved outside, he, "…went outside and got in the middle of the two men and tried to break up the fight." (Comp at ¶ 22). Matthews alleges that Noreen Logan (Thomas Logan's wife) jumped on his back while he was trying to break up the fight. (Comp at ¶ 23).

6. He allegedly felt, "…hands wrapped around his face trying to claw him, so he bit …Noreen Logan's finger…" (Comp at ¶ 24).

7. Plaintiff states that since he was unable to restrain the men and allegedly had been attacked by Noreen Logan, he went back inside the bar and ordered a drink. (Comp at ¶ 25).

8. Approximately ten minutes later, Matthews alleges that Officers Arthur, Borowicz and Flesher entered the bar, arrested him and charged him with assault, aggravated assault and disorderly conduct.

9. He claims he was arrested after the Officers interviewed Brian Doughton and the Logans, and after Mrs. Logan identified Plaintiff, Matthews as

---

[1] Only for the purpose of this Motion to Dismiss, Moving Defendants assume that all well pled factual allegations are true. Conley v. Gibson, 355 U.S. 41 (1957); Rogin v. Bensalem Township, 616 F.2d 680 (3d Cir. 1980), cert denied, 450 U.S. 1029 (1981). Legal characterizations and conclusions, however, must be disregarded. Mitchell v. Archibald and Kendall, Inc., 573 F.2d 429 (7th Cir. 1978); 5 Wright and Miller, §1357; 2 A Moore's Federal Practice, §12.07 [2.5].

the individual who bit her finger. (Comp at ¶¶ 28-29).

10. Mr. Matthews alleges that while he was interviewed and was not intoxicated, the Officers "ignored the facts as Plaintiff explained them…and intentionally and maliciously chose to charge Plaintiff…" (Comp at ¶¶ 30-31).

11. Plaintiff claims that "upon information and belief" the Officers allegedly had a pre-existing relationship with Defendant, Thomas Logan who is a police officer with Dickson City Police Department and therefore somehow favored Logan over Plaintiff. (Comp at ¶12, ¶ 36).

12. Mr. Matthews' trial was held on or about October 21, 2009 where he allegedly was found not guilty on the assault and disorderly conduct charges; the aggravated assault count allegedly was nolle prossed. (Comp at ¶ 32).

13. Defendants, Borough of Olyphant, Olyphant Police Department and Officers Arthur, Borowicz and Flesher now move to dismiss Plaintiff's Complaint.

14. Rule 12(b)(6) provides that a Defendant may move to dismiss a Complaint for failure to state a claim upon which relief can be granted.

15. When deciding whether to dismiss a claim pursuant to Rule 12(b) (6), the Court is testing the sufficiency of the complaint. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir.1980) (citation omitted).

16. The plaintiff must provide the "grounds of his entitlement to relief," which "requires more than labels and conclusions." Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007)(citations omitted).

17.The Supreme Court recently stated: "Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Ashcroft v. Iqbal, --- U.S. ---,  129 S.Ct. 1937, 1949 (2009), citing Twombly, 127 S.Ct. 1955 (brackets omitted).

18.In light of the allegations of the instant Complaint, Plaintiff is not entitled to relief and his Complaint must be dismissed with prejudice.

19.The Complaint fails to state a claim against Olyphant Borough Police Department, as it is not a suable entity. Garcia v. County of Bucks, 155 F. Supp. 2d 259, 263 (E.D. Pa. 2001).

20.Accordingly, any claims against Olyphant Borough Police Department fail and must be dismissed with prejudice.

21.Plaintiff, Matthews claims against Defendants, Arthur, Borowicz and Flesher in their official capacity must be dismissed with prejudice.

22."Courts within the Third Circuit have ruled that claims against an official in his or her official capacity are redundant with the claims against a municipality that employs the official, and should therefore be dismissed." Snell v. City of New York, 2007 WL 1412061, *2 (M.D. Pa.) (citations omitted).

23.Based on the foregoing, Plaintiff's claim against Defendants, Arthur,

4

Borowicz and Flesher in their official capacity must be dismissed with prejudice.

24. The Complaint fails to demonstrate that Plaintiff, Richard Matthews was deprived of any federally protected right.

25. Plaintiff's Fourth Amendment malicious prosecution claim must be dismissed.

26. A Plaintiff alleging a malicious prosecution claim must prove that:

    (1) The Defendant initiated a criminal proceeding;

    (2) The criminal proceeding ended in Plaintiff's favor;

    (3) The proceeding was initiated without probable cause; and

    (4) The Defendant acted maliciously or for a purpose other than bringing the Plaintiff to justice.

Hafner v. Burkey, 534 Pa. 62, 626 A.2d 519, 521 (1993).

27. A Plaintiff must also establish that he was "seized" within the meaning of the Fourth Amendment. Merkle v. Upper Dublin School Dist., 211 F.3d 782, 791 (3d Cir. 2000); Gallo v. City of Phila., 161 F.2d 217 (3d Cir. 1998); Freeman v. Murray, 163 F. Supp. 2d 478, 483 (M.D. Pa. 2001); Marchese v. Umstead, 110 F. Supp. 2d 361 (E.D. Pa. 2000).

28. The prosecutor, not the police officer, is responsible for initiating a proceeding against a defendant. Gatter v. Zappile, 67 F.Supp.2d 515, 521 (E.D.Pa. 1999) citing Albright v.Oliver, 510 U.S. 266, 279 n. 5, 114 S.Ct. 807 (Ginsburg,

5

J. concurring).

29. Here, the Complaint is devoid of any factual allegation to suggest that Officers Arthur, Borowicz or Flesher had any input into the decision to prosecute Matthews.

30. Moreover, there is no allegation that any of these Officers provided false information to the prosecutor.

31. Rather, Plaintiff claims only that Defendant Logan allegedly provided false testimony regarding the attack. (Comp at ¶ 33).

32. In addition, the absence of probable cause is an "indispensable element of a malicious prosecution claim" and the Plaintiff bears the burden of demonstrating the absence of probable cause. Gilbert v. Feld, 842 F. Supp. 803, 814 (E.D. Pa. 1993).

33. "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).

34. Mr. Matthews admits that he participated in the fight and that he intentionally bit Noreen Logan's finger. (Comp at ¶¶ 22, 24).

35. He further admits that Noreen Logan identified him to the police as

the man who bit her finger. (Comp at ¶ 29).

36. These facts constitute probable cause to arrest Matthews for assault and disorderly conduct.

37. Moreover, since Plaintiff has alleged that he was bound over for trial, which was held on October 21, 2009, there necessarily was determination that probable cause existed. (Comp at ¶ 32).

38. Accordingly, Count I fails as a matter of law and must be dismissed.

39. Plaintiff's Fourteenth Amendment selective prosecution claim must be dismissed.

40. In order to succeed on such a claim, Matthews must allege atleast that: (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. <u>Hill v. Borough of Kutztown</u>, 455 F.3d 225, 239 (3d Cir. 2006).

41. Plaintiff must also allege the deprivation of a federally protected right. <u>Miller v. Mitchell</u>, 598 F.3d 139, 147 (3d Cir. 2010).

42. Plaintiff has not suffered a deprivation of any constitutional right and his equal protection claim fails.

43. Even assuming that the Complaint stated a claim for a constitutional deprivation, which Defendants specifically deny, the Complaint as pled fails to state a claim for selective prosecution.

7

44. The factual allegations do not support the conclusion that Plaintiff was similarly situated to Mr. Logan, nor does it plead any factual allegations sufficient to conclude that the Officers acted intentionally or irrationally.

45. Rather, Plaintiff claims only that "upon information and belief" the Officers allegedly had a pre-existing relationship with Defendant, Thomas Logan who is a police officer with Dickson City Police Department and were therefore biased in Logan's favor against Plaintiff. (Comp at ¶12, ¶ 36).

46. After Twombly and Iqbal, *supra*, a Plaintiff cannot simply aver "upon information and belief."

47. Plaintiff's Fourth Amendment false arrest/false imprisonment claim must be dismissed.

48. An arrest based on probable cause precludes a Section 1983 claim for false arrest or false imprisonment. Groman v. Manalapan, 47 F.3d 628, 636 (3d Cir. 1995); Garcia v. County of Bucks, Pennsylvania, 155 F.Supp.2d. 259, 265 (E.D.Pa.2001).

49. As outlined above, the Complaint as alleged admits probable cause.

50. Moreover, since Plaintiff has alleged that he was bound over for trial, which was held on October 21, 2009, there necessarily was determination that probable cause existed. (Comp at ¶ 32).

51. Accordingly, Count III fails as a matter of law and must be dismissed.

52. To the extent that Plaintiff attempts to allege a claim based on the alleged false testimony of any individual police officer defendant, such claim must be dismissed as police officers are entitled to absolute immunity from suit, including section 1983 suits, for testimony given at trial or pre-trial proceedings. Brisoce v. LaHue, 460 U.S. 325, 326-336 (1983); Williams v. Hepting, 844 F.2d 138, 140 (3d. Cir. 1988) cert. denied, 488 U.S. 851 (1988).

53. The individual police officers, Arthur, Borowicz and Flesher are entitled to qualified immunity.

54. The Supreme Court held, in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

55. A Rule 12(b)(6) dismissal of a claim on qualified immunity grounds is proper. Behrens v. Pelletier, 516 U.S. 299, 116 S. Ct. 834, 839 (1996), citing Mitchell v. Forsyth, 472 U.S. at 526 (1995).

56. A police officer who reasonably but mistakenly concludes that probable cause to arrest exists is entitled to immunity from suit. Hunter v. Bryan, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 641.

57. Plaintiff has not suffered a constitutional deprivation as the Complaint admits probable cause.

58. The police officers conducted interviews and obtained identification of Matthews from the victim.

59. There are no allegations from which a jury can conclude that a reasonable official in these Officers' position at the relevant time could have believed that their conduct was unlawful. See Good, 891 F.2d at 1092.

60. Accordingly, based on their reasonable behavior under the circumstances, the individually named defendants are entitled to qualified immunity.

61. The Complaint fails to state a claim against the Borough of Olyphant.

62. It is axiomatic that there is no *respondeat superior* liability under §1983. Rizzo v. Goode, 423 U.S. 362, 377 (1978).

63. As the Supreme Court held in Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978), it is only "when execution of the government's policy or custom … inflicts the injury that the government as an entity is responsible under §1983." As the Supreme Court stated:

> Locating 'policy' insures that a municipality is held liable only for those deprivations resulting from the decision of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality as well.

Board of the County Commissioner of Bryan County, Oklahoma v. Jill Brown, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997) (citations omitted).

64. Plaintiff Matthews must also establish that the municipal action taken was with a reckless disregard of culpability and a direct causal link between the municipal action and the deprivation of federal rights. Id.

65. While a municipality's failure to properly train its employees and/or officers can create an actionable violation under §1983, there is liability only "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." Reitz v. County of Bucks, 125 F.2d 139, 144 (3d Cir. 1997) citing City of Canton v. Harris, 489 U.S. 378, 388 (1989).

66. In order to be held liable under §1983 for a failure to supervise its police officers, a Plaintiff must establish that such failure reflects a policy of "deliberate indifference" to the constitutional rights of its citizens. See Groman v. Township of Manalapan, 47 F.2d 628, 637 (3d Cir. 1995).

67. The implementation of an official policy, custom or practice could not have led to a deprivation of any federally protected right where the well pled factual allegations of the Complaint as set forth above, fail to state a claim for any actionable deprivation of any federally protected right. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Simmons v. City of Philadelphia, 947 F. 2d

11

1042, 1063 (3d Cir. 1991).

68.     The Complaint as pled at a minimum fails to allege any factual allegations which could form the basis of any deliberate indifference on the part of the Borough.

69.     Moreover, a single incident of behavior without direct involvement by a policy maker is insufficient to impose municipal liability.  Pembaur v. City of Cincinnati, 475 U.S. 469, 479, 106 S.Ct. 1292 (1986); Groman v. Manalapan, 47 F.3d at 637.

70.     Accordingly, any claim against the Borough of Olyphant fails and must be dismissed.

71.     Because the federal claims against Defendants, Olyphant Borough, Olyphant Borough Police Department,  Officer Arthur, Officer  Borowicz and Officer Flesher must be dismissed, the decision to entertain or dismiss supplemental state law claims is within this Court's discretion, 28 U.S.C. §1367(c)(3).

72.     Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Bibby v. Phila. Coca-Cola Bottling Co., 85 F. Supp. 2d 509, 519 (E.D. Pa. 2000).

73.     In any regard, Plaintiff's state law claims of false arrest/false

imprisonment and malicious prosecution fail to state a claim upon which relief can be granted and must be dismissed.

74. In Pennsylvania, a party bringing a malicious prosecution claim must demonstrate that the proceeding was initiated without probable cause. Groman, 47 F.3d at 636.

75. Similarly, a "false arrest is defined as 1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so." Russoli v. Salisbury Tp., 126 F.Supp.2d 821, 869 (E.D. Pa. 2000)(citations omitted).

76. "The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention. An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not." Renk v. City of Pittsburgh, 537 Pa. 68, 76, 641 A.2d 289, 293 (1994).

77. As set forth above, the Complaint as alleged admits probable cause. (Comp at ¶¶ 22, 24, 29).

78. Moreover, since Plaintiff has alleged that he was bound over for trial, which was held on October 21, 2009, there necessarily was determination that probable cause existed. (Comp at ¶ 32).

79. Accordingly, Counts VI and VII fail as a matter of law and must be dismissed.

80. Moreover, Olyphant Borough is immune from the state law claims of malicious prosecution and false.

81. Pursuant to the Pennsylvania Governmental Immunity Act, municipal Defendants and their employees are provided immunity from state law tort claims. 42 Pa. C.S. §8541 et seq.

82. Moreover, suits against municipal employees acting in their official capacities are "treated as claims against the municipal entities that employ the individuals."[2]

83. Since Plaintiff's purported tort claim of false arrest and malicious prosecution is not a "negligent act" and none of the exceptions apply, the Borough and Police Department are immune from liability and must be dismissed.

84. Moreover, because the officers acted reasonably based on probable cause as admitted in Plaintiff's Complaint, they are similarly immune and must be dismissed with prejudice.

85. To the extent Plaintiff seeks punitive damages against Olyphant Borough, the Police Department or the individual police officers, Arthur, Borowicz or Flesher, they are not recoverable and must be dismissed with prejudice.

86. Under 42 U.S.C. § 1983, punitive damages may not be recovered

---

[2] An individual's immunity is lost only if, "… it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice, or willful misconduct." 42 Pa. C.S. §8550. "Willful misconduct" means that a police officer committed an intentional tort subjectively knowing that his or her conduct was wrong. See In re City of Philadelphia Litigation, 158 F.3d 723, 728 (3d Cir. 1998).

against an individual defendant sued in his official capacity; they are immune from awards of punitive damages.  City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Doe v. County of Centre, 242 F.3d 437 (3d Cir. 2001); Lakits v. York, 258 F. Supp. 2d 401, 408 (E.D. Pa. 2003).

87.	Pennsylvania Courts have also held individuals in their official capacity cannot be held liable for punitive damages.  Township of Bensalem v. Press, 93 Pa. Cmwlth. 235, 249, 501 A.2d 331, 338 (1985).

88.	Accordingly, the Complaint fails to state a claim for punitive damages and must be dismissed with prejudice.

**WHEREFORE**, Based on the foregoing, Defendants, Borough of Olyphant, Olyphant Police Department and Officers Arthur, Borowicz and Flesher respectfully request that this Honorable Court their Motion to Dismiss with prejudice.

        **MAYERS, MENNIES & SHERR, LLP**

        BY:/s/ ANTHONY R. SHERR, ESQUIRE
          Attorney for Defendants
          Olyphant Police Department, Borough
          of Olyphant, Officer Arthur,
          Officer Borowicz and Officer Flesher

          3031 Walton Road, Building A
          Suite 330, P.O. Box 1547
          Blue Bell, PA 19422-0440
          (610) 825-0300
          Fax (610) 825-6555

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MATTHEWS | : | CIVIL ACTION |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| BOROUGH OF OLYPHANT, ET AL.: | | NO. 10-cv-1215 |
| | : | JUDGE MUNLEY |

## CERTIFICATE OF COMPLIANCE

I, Anthony R. Sherr, Esquire, counsel for Defendants, Borough of Olyphant, Olyphant Police Department Officers Arthur, Borowicz and Flesher pursuant to Federal Rules of Civil Procedure, hereby certify that my office utilizes the word processing software Microsoft Word 1998.  According to that word count, I certify that the Brief of Defendants has 5,710 words including footnotes and excluding the Table of Contents, the Table of Authorities and the requisite Certificates of Concurrence/Nonoccurrence, Service and Compliance.

On September 16, 2010, Moving Defendants requested leave of Court to file this Memorandum in excess of the word limit of Local Rule of Civil Procedure 7.8(b)(2). The Court has not ruled on this Motion to date.[3]

---

[3] Matthew B. Weisberg and Paul G. Lees have concurred in the Motion, James Pyrah has not responded.

**MAYERS, MENNIES & SHERR, LLP**


BY: /s/ ANTHONY R. SHERR, ESQUIRE
    Attorney for Defendants
    Olyphant Police Department, Borough
    OF Olyphant, Officer Arthur,
    Officer Borowicz and Officer Flesher

    3031 Walton Road, Building A
    Suite 330, P.O. Box 1547
    Blue Bell, PA 19422-0440
    (610) 825-0300
    Fax (610) 825-6555

## IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MATTHEWS | : | CIVIL ACTION |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| BOROUGH OF OLYPHANT, ET AL.: | | NO. 10-cv-1215 |
| | : | JUDGE MUNLEY |

### CERTIFICATE OF SERVICE

I, the undersigned hereby certify that on the 20th day of September 2010, a true and correct copy of Defendants, Borough of Olyphant, Olyphant Police Department Officers Arthur, Borowicz and Fleshe Motion to Dismiss and Memorandum of Law was served electronically upon the following:

Matthew B. Weisberg, Esquire
**Weisberg Law, P.C.**
7 S. Morton Ave.
Morton, PA 19070-7722
Counsel for Plaintiff Richard Matthews

Paul G. Lees, Esquire
**Marshall, Dennehey, Warner,**
**Coleman & Goggin**
1495 Valley Center Parkway, Suite 350
Bethlehem, PA 18017
Counsel for Borough of Dickson City,
Dickson City Police Dept and Thomas J. Logan

James V. Pyrah, Esquire
**Pyrah/Stevens, L.L.C.**
575 Pierce Street – Suite 303
Kingston, PA 18704
Counsel for Runco's Tavern & Gille and Marc Runco

**MAYERS, MENNIES & SHERR, LLP**

BY: /s/ ANTHONY R. SHERR, ESQUIRE
    Attorney for Defendants
    Olyphant Police Department, Borough
    of Olyphant, Officer Arthur,
    Officer Borowicz and Officer Flesher

    3031 Walton Road, Building A
    Suite 330, P.O. Box 1547
    Blue Bell, PA 19422-0440
    (610) 825-0300
    Fax (610) 825-6555