IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

RICHARD MATTHEWS             :     CIVIL ACTION
                             :
        vs.                  :
                             :     JURY TRIAL DEMANDED
BOROUGH OF OLYPHANT, ET AL:
                             :
                             :     NO. 10-cv-1215

**DEFENDANTS, BOROUGH OF OLYPHANT, OLYPHANT POLICE
DEPARTMENT, AND OFFICERS ARTHUR, BOROWICZ AND
FLESHER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR
<u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>**

# TABLE OF CONTENTS

Page

I.      INTRODUCTION ...................................................................................1

II.     STATEMENT OF FACTS ......................................................................2

III.    STATEMENT OF QUESTIONS INVOLVED ........................................ 4

IV.     ARGUMENT...........................................................................................5

        A.     Legal Standard...........................................................................5

        B.     Olyphant Borough Police Department Is Not A Suable Entity ............7

        C.     Plaintiff's Claims Against The Individual Police Officers in Their
               Official Capacity Must Be Dismissed. ...................................7

        D.     The Complaint Fails To Demonstrate That Plaintiff, Richard
               Matthews Was Deprived Of Any Federally Protected Right................9

        E.     The Individual Police Officers, Arthur, Borowicz and Flesher Are
               Entitled to Absolute Immunity.............................................15

        F.     The Individual Police Officers, Arthur, Borowicz and Flesher Are
               Entitled to Qualified Immunity...   .....................................16

        G.     The Complaint Fails To State A Claim Against Defendant, Borough
               of Olyphant.................................................................. 18

        H.     Plaintiff's State Law Claims Must Be Dismissed....................  21

        I.     Punitive Damages Are Not Recoverable................................24

V.      CONCLUSION .....................................................................................24

## TABLE OF AUTHORITIES

**Cases**

Agresta v. City of Phila., 694 F. Supp. 117 (E.D. Pa. 1988)...........................................7

Albright v.Oliver, 510 U.S. 266, 114 S.Ct. 807 ....................................................10

Anderson v. Creighton, 483 U.S. 635 (1987)....................................................16, 17

Ashcroft v. Iqbal, --- U.S. ---,  129 S.Ct. 1937 (2009) ........................................7, 13

Behrens v. Pelletier, 516 U.S. 299, 116 S. Ct. 834 (1996) ..................................17

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007) ........................6

Bibby v. Phila. Coca-Cola Bottling Co., 85 F. Supp. 2d 509 (E.D. Pa. 2000). ..............21

Board of the County Commissioner of Bryan County, Oklahoma v. Jill Brown,
    520 U.S. 397, 117 S. Ct. 1382 (1997) ....................................................18

Brisoce v. LaHue, 460 U.S. 325 (1983) ....................................................15

Brown v. Grabowski, 922 F.2d 1097 (3d Cir. 1990)....................................................16

City of Canton v. Harris, 489 U.S. 378 (1989)....................................................19

City of Los Angeles v. Heller, 475 U.S. 796 (1986) ....................................................20

City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981) ....................................................24

Conley v. Gibson, 355 U.S. 41 (1957....................................................1

D'Altilio v. Dover Township, 2007 WL 2845073 (M.D. Pa.) ....................................................8

Dean v. Barber, 951 F.2d 1210 (11th Cir. 1992)....................................................7

Doe v. County of Centre, 242 F.3d 437 (3d Cir. 2001)....................................................24

Dowling v. City of Phila., 855 F.2d 136 (3d Cir. 1988)....................................................15

Evans v. Avery, 100 F.3d 1033 (1st Cir. 1996)....................................................20

Floyd v. Farrell, 765 F.2d 1 (1st Cir. 1985) ....................................................14

Freeman v. Murray, 163 F. Supp. 2d 478 (M.D. Pa. 2001)............................................................10

Funderburg v. Gangl, 1995 WL 222018 (E.D. Pa.)..................................................................14,15

Gallo v. City of Phila., 161 F.2d 217 (3d Cir. 1998)................................................................10

Garcia v. County of Bucks, 155 F. Supp. 2d 259 (E.D. Pa. 2001)..............................7, 14, 20

Gatter v. Zappile,  67 F.Supp.2d 515 (E.D.Pa. 1999)................................................................10

Gilbert v. Feld, 842 F. Supp. 803 (E.D. Pa. 1993). ................................................................11

Good v. Dauphin Social Services, 891 F.2d 1087 (3d Cir. 1990)..................................16, 18

Groman v. Manalapan, 47 F.3d 628 (3d Cir. 1995) ............................................................ Passim

Hafner v. Burkey, 534 Pa. 62, 626 A.2d 519 (1993)................................................................10

Harlow v. Fitzgerald, 457 U.S. 800 (1982) ............................................................16

Henley v. Octorara Area School Dist., 701 F. Supp. 545 (E.D. Pa. 1988)..............................23

Hill v. Borough of Kutztown,  455 F.3d 225 (3d Cir. 2006).....................................................12

Hunter v. Bryan, 502 U.S. 224 (1991)........................................................................17

In re: City of Philadelphia Litigation, 158 F.3d 723 (3d Cir. 1998)..............................23

Johnson v. City of Erie, PA, 834 F. Supp. 873 (W.D. Pa. 1993) ..............................7

Johnsrud v. Carter, 620 F.2d 29 (3d Cir.1980)........................................................................6

Johnston v. Dauphin Borough, 2006 WL 1410766 (M.D. Pa.)..............................8

Kentucky v. Graham, 473 U.S. 159, 105 S.Ct. 3099(1985) ..............................8

Lakits v. York, 258 F. Supp. 2d 401 (E.D. Pa. 2003)..............................24

Lopez v. Maczko, 2007 WL 2461709 (E.D.Pa.) ............................................................8

Maio v. Aetna, Inc., 221 F.3d. 472 (3rd Cir. 2000)..............................6

Malley v. Briggs, 475 U.S. 335 (1986). ..............................17

Marchese v. Umstead, 110 F. Supp. 2d 361 (E.D. Pa. 2000). ..............................10

Meising v. Borough of Oakmont, 2008 WL 4425850 (W.D.Pa.) ................................................. 12

Merkle v. Upper Dublin School Dist., 211 F.3d 782 (3d Cir. 2000)................................. 10, 11, 14

Merrero v. Micewski, 1998 WL 414724 (E.D.Pa.) ........................................................... 10

Miller v. County of Allegheny, 2006 WL 3332809 (W.D.Pa.)........................................... 12

Miller v. Mitchell, 598 F.3d 139 (3d Cir. 2010).............................................................. 13

Mitchell v. Archibald and Kendall, Inc., 573 F.2d 429 (7th Cir. 1978 ............................... 1

Mitchell v. Forsyth, 472 U.S. 511 (1995)....................................................................... 17

Monell v. Dept. of Social Services, 436 U.S. 658 (1978) .............................................. 8, 18

Montgomery v. DeSimone, 159 F.3d 120 (3d Cir. 1998). ................................................ 20

Orsatti v. New Jersey State Police, 71 F.3d 480 (3d Cir. 1995)....................................... 11

Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292 (1986) ............................... 21

Phillips v. County of Allegheny, 515 F.3d 224 (3d Cir. 2008). ......................................... 7

Pierson v. Ray, 386 U.S. 547 (1967) ............................................................................ 15

Reed v. City of Chicago, 77 F.3d 1049 (7th Cir.1996) .................................................... 10

Reitz v. County of Bucks, 125 F.2d 139 (3d Cir. 1997).................................................... 19

Renk v. City of Pittsburgh, 537 Pa. 68, 641 A.2d 289 (1994)......................................... 22

Rizzo v. Goode, 423 U.S. 362 (1978). .......................................................................... 18

Rogin v. Bensalem Township, 616 F.2d 680 (3d Cir. 1980).............................................. 1

Russoli v. Salisbury Tp., 126 F.Supp.2d 821 (E.D. Pa. 2000) ......................................... 21

Shaw by Strain v. Strackhouse, 920 F.2d 1135 (3d Cir. 1990) .......................................... 9

Simmons v. City of Philadelphia, 947 F. 2d 1042 (3d Cir. 1991)...................................... 20

Snell v. City of New York, 2007 WL 1412061 (M.D. Pa.).................................................. 8

Thompson v. Boggs, 33 F.3d 847 (7th Cir. 1994)............................................................ 20

Torres v. McLaughlin, 966 F. Supp. 1353 (E.D. Pa. 1997)............................................................10

Township of Bensalem v. Press, 93 Pa. Cmwlth. 235, 501 A.2d 331 (1985)..............................24

United Mine Workers v. Gibbs, 383 U.S. 715 (1966)..................................................................21

Valenti v. Sheller, 765 F. Supp. 227 (E.D. Pa. 1991)..................................................................14

Williams v. Hepting, 844 F.2d 138 (3d. Cir. 1988) .....................................................................15

I.    **<u>INTRODUCTION</u>**

In this purported civil rights action, Plaintiff, Richard Matthews seeks to recover for alleged violations of his Fourth and Fourteenth Amendment rights against Defendants, Borough of Olyphant, Olyphant Police Department Officers Arthur, Borowicz and Flesher, Borough of Dickson City, Dickson City Police Department, Thomas Logan, Runco's Tavern & Grill, Inc. and Marc Runco. Mr. Matthews also alleges various state law claims, including claims for false arrest/false imprisonment and malicious prosecution against all individually named police officers.  However, the well-pled factual allegations of the Complaint reveal that Plaintiff, Matthews was not deprived of any federally protected right, which is actionable under §1983.  The Olyphant Police Department is not a suable entity and the official capacity suits against the individual police officers fail.  Moreover, Officers Arthur, Borowicz and Flesher are entitled to absolute and qualified immunity.  Plaintiff's state law claims fail and punitive damages are not recoverable.  Accordingly, Defendants, Borough of Olyphant, Olyphant Police Department and Officers Arthur, Borowicz and Flesher's Motion to Dismiss must be granted.

1

## II.   STATEMENT OF FACTS[1]

On February 19, 2009, Plaintiff, Richard Matthews alleges he was a business invitee at the business of Defendant, Runco's Bar & Grill, Inc. (Comp at ¶ 19).  He claims that while at Runco's, Defendant, Thomas Logan and another patron, Brian Doughton began fighting in the bar. (Comp at ¶ 21).  Mr. Matthews claims as the fight moved outside, he, "…went outside and got in the middle of the two men and tried to break up the fight." (Comp at ¶ 22).  Matthews alleges that Noreen Logan (Thomas Logan's wife) jumped on his back while he was trying to break up the fight. (Comp at ¶ 23).  He allegedly felt, "…hands wrapped around his face trying to claw him, so he bit …Noreen Logan's finger…" (Comp at ¶ 24).   Plaintiff states that since he was unable to restrain the men and allegedly had been attacked by Noreen Logan, he went back inside the bar and ordered a drink.  (Comp at ¶ 25).  Thomas Logan and Brian Doughton allegedly continued fighting outside the bar. (Comp at ¶ 26).

Approximately ten minutes later, Matthews alleges that Officers Arthur, Borowicz and Flesher entered the bar, arrested him and charged him with assault, aggravated assault and disorderly conduct.    He claims he was arrested after the Officers interviewed Brian Doughton and the Logans, and after Mrs. Logan

---

1 Only for the purpose of this Motion to Dismiss, Moving Defendants assume that all well pled factual allegations are true.  Conley v. Gibson, 355 U.S. 41 (1957); Rogin v. Bensalem Township, 616 F.2d 680 (3d Cir. 1980), cert denied, 450 U.S. 1029 (1981).  Legal characterizations and conclusions, however, must be disregarded.  Mitchell v. Archibald and Kendall, Inc., 573 F.2d 429 (7th Cir. 1978); 5 Wright and Miller, §1357; 2 A Moore's Federal Practice, §12.07 [2.5].

identified Plaintiff, Matthews as the individual who bit her finger. (Comp at ¶¶ 28-29). Mr. Matthews alleges that while he was interviewed and was not intoxicated, the Officers "ignored the facts as Plaintiff explained them…and intentionally and maliciously chose to charge Plaintiff…" (Comp at ¶¶ 30-31). Plaintiff claims that "upon information and belief" the Officers allegedly had a pre-existing relationship with Defendant, Thomas Logan who is a police officer with Dickson City Police Department and therefore somehow favored Logan over Plaintiff. (Comp at ¶12, ¶ 36). Mr. Matthews' trial was held on or about October 21, 2009 where he allegedly was found not guilty on the assault and disorderly conduct charges; the aggravated assault count allegedly was nolle prossed. (Comp at ¶ 32).

In Count I, Plaintiff Matthews attempts to allege a civil rights claim based on malicious prosecution against the individual Defendants in their individual capacities. In Count II, Plaintiff Matthews attempts to allege a civil rights claim based on selective prosecution against the individual Defendants in their individual capacities. In Count III, Plaintiff Matthews attempts to allege a civil rights claim presumably based on false arrest against the individual Defendants in their individual capacities. In Count IV, Plaintiff Matthews attempts to allege a civil rights claim based on excessive force against Defendant, Logan. In Count V, Plaintiff Matthews attempts to allege a civil rights claim based on Monell against the Defendants in their official capacities. In Count VI, Plaintiff Matthews attempts

to allege a state law claim of false arrest/imprisonment against the Defendants who are Officers.  In Count VII, Plaintiff Matthews attempts to allege a state law claim of malicious prosecution against the Defendants who are Officers. In Count VIII, Plaintiff Matthews attempts to allege a state law claim for assault and battery and intentional infliction of emotional distress against Defendant, Logan.   In Count IX, Plaintiff Matthews attempts to allege a state law claim for Dram Shop violation against Defendant, Runco's Bar & Grill and Marc Runco. In Count X, Plaintiff Matthews attempts to allege a state law claim for negligence against Defendant, Runco's Bar & Grill and Marc Runco.

Defendants, Borough of Olyphant, Olyphant Police Department and Officers Arthur, Borowicz and Flesher now move to dismiss Plaintiff's Complaint.

### III.   <u>STATEMENT OF QUESTIONS INVOLVED</u>

Whether Olyphant Borough Police Department must be dismissed since it is not a suable entity?

[Suggested answer: Yes]

Whether Plaintiff, Matthews' claims against the individual police officers in their official capacity must be dismissed as redundant?

[Suggested answer: Yes]

Whether the Complaint fails to state a claim for the deprivation of any federally protected right where Plaintiff, Matthews' arrest was supported by

probable cause as admitted in the Complaint?

[Suggested answer: Yes]

Whether the individual Police Officers, Arthur, Borowicz and Flesher are entitled to absolute immunity?

[Suggested answer: Yes]

Whether the individual Police Officers, Arthur, Borowicz and Flesher are entitled to qualified immunity?

[Suggested answer: Yes]

Whether the Complaint fails to state a claim against Defendant, Olyphant Borough?

[Suggested answer: Yes]

Whether Plaintiff, Matthews' state law claims for false arrest/false imprisonment and malicious prosecution must be dismissed where his arrested was supported by probable cause?

[Suggested answer: Yes]

Whether the Complaint fails to state a claim for punitive damages?

[Suggested answer: Yes]

IV.   **ARGUMENT**

    **A.**   **LEGAL STANDARD**

Rule 12(b)(6) provides that a Defendant may move to dismiss a Complaint for failure to state a claim upon which relief can be granted. When deciding whether to dismiss a claim pursuant to Rule 12(b) (6), the Court is testing the sufficiency of the complaint. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir.1980) (citation omitted). While the Court must construe all material factual allegations in the Complaint in the light most favorable to the party opposing the Motion, the Court does not have to accept every allegation or legal conclusion in the Complaint as true. Maio v. Aetna, Inc., 221 F.3d. 472, 482 (3rd Cir. 2000).   The Court may not accept as true "unsupported conclusions and unwarranted inferences." Maio, 221 F.3d at 485, n.12.

The plaintiff must provide the "grounds of his entitlement to relief," which "requires more than labels and conclusions." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007)(citations omitted).  A plaintiff must have, "…nudged his claim across the line from conceivable to plausible; or his complaint must be dismissed." Twombly, 127 S.Ct. at 1969. The factual allegations, "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1965 (citations omitted). The Supreme Court recently stated: "Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to

relief.'" <u>Ashcroft v. Iqbal</u>, --- U.S. ---,   129 S.Ct. 1937, 1949 (2009), citing <u>Twombly</u>, 127 S.Ct. 1955 (brackets omitted).   "After <u>Twombly</u>, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) quoting <u>Twombly</u>, 127 S. Ct. at 1969 n. 8.

In light of the allegations of the instant Complaint, Plaintiff is not entitled to relief and his Complaint must be dismissed with prejudice.

**B.    OLYPHANT BOROUGH POLICE DEPARTMENT IS NOT A SUABLE ENTITY**

The Complaint fails to state a claim against Olyphant Borough Police Department, as it is not a suable entity. <u>Garcia v. County of Bucks</u>, 155 F. Supp. 2d 259, 263 (E.D. Pa. 2001); <u>Johnson v. City of Erie, PA</u>, 834 F. Supp. 873 (W.D. Pa. 1993) (entity which is subunit of city government is not a proper party); <u>Agresta v. City of Phila.</u>, 694 F. Supp. 117, 119 (E.D. Pa. 1988) (entity that is a subunit of city government is not a proper party); <u>see</u> <u>also</u> <u>See</u> <u>Dean v. Barber</u>, 951 F.2d 1210 (11th Cir. 1992) (sheriff's department is not a legal entity subject to civil rights claims).

Accordingly, any claims against Olyphant Borough Police Department fail and must be dismissed with prejudice.

**C.    PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL POLICE**

## OFFICERS IN THEIR OFFICIAL CAPACITY MUST BE DISMISSED

Plaintiff, Matthews claims against Defendants, Arthur, Borowicz and Flesher in their official capacity must be dismissed with prejudice. "Courts within the Third Circuit have ruled that claims against an official in his or her official capacity are redundant with the claims against a municipality that employs the official, and should therefore be dismissed." Snell v. City of New York, 2007 WL 1412061, *2 (M.D. Pa.) (citations omitted).   In other words, a suit against a government official in his or her official capacity is synonymous with a claim against the government entity itself. D'Altilio v. Dover Township, 2007 WL 2845073, *4 (M.D. Pa.) citing Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099(1985)(quoting Monell v. Dep't. Soc. Serv., 436 U.S. 658, 690, n.5, 98 S.Ct. 2018 (1978), stating that suits against officers in their official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent").    "If a plaintiff asserts claims against both a government entity and the entity's agents in their official capacity, the court should dismiss the official-capacity suits." D'Altilio, 2007 WL 2007 WL 2845073, *4, citing Lopez v. Maczko, 2007 WL 2461709, *7 (E.D.Pa.)(granting motion to dismiss official capacity suits as duplicative); Johnston v. Dauphin Borough, 2006 WL 1410766, *4 (M.D. Pa.)(granting motion to dismiss official-capacity claims because plaintiff asserted identical claims against municipality).

Based on the foregoing, Plaintiff's claim against Defendants, Arthur, Borowicz and Flesher in their official capacity must be dismissed with prejudice.

**D.** **THE COMPLAINT FAILS TO DEMONSTRATE THAT PLAINTIFF, RICHARD MATTHEWS WAS DEPRIVED OF ANY FEDERALLY PROTECTED RIGHT**

Mr. Matthews presumably claims that he suffered violations of his Fourth and Fourteenth Amendment rights. However, in order to impose liability under 42 U.S. §1983 for these alleged violations, Brandt must demonstrate that the Defendants, acting under the color of state law, violated a right secured by the Constitution or laws of the United States. Groman v. Township of Manalapan, 47 F.2d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1142-43 (3d Cir. 1990). The well-pled factual allegations of the Complaint reveal only that Mr. Matthews was not deprived of his Fourth or Fourteenth Amendment rights as argued below.

    1.   Plaintiff's Fourth Amendment malicious prosecution claim must be dismissed.

A Plaintiff alleging a malicious prosecution claim must prove that:

    (1)   The Defendant initiated a criminal proceeding;

    (2)   The criminal proceeding ended in Plaintiff's favor;

    (3)   The proceeding was initiated without probable cause; and

(4)    The Defendant acted maliciously or for a purpose
other than bringing the Plaintiff to justice.

Hafner v. Burkey, 534 Pa. 62, 626 A.2d 519, 521 (1993).   Additionally, under

Third Circuit Court of Appeals law, a Plaintiff must also establish that he was

"seized" within the meaning of the Fourth Amendment.   Merkle v. Upper Dublin

School Dist., 211 F.3d 782, 791 (3d Cir. 2000); Gallo v. City of Phila., 161 F.2d

217 (3d Cir. 1998); Freeman v. Murray, 163 F. Supp. 2d 478, 483 (M.D. Pa. 2001);

Marchese v. Umstead, 110 F. Supp. 2d 361 (E.D. Pa. 2000).

The prosecutor, not the police officer, is responsible for initiating a

proceeding against a defendant. Gatter v. Zappile,  67 F.Supp.2d 515, 521 (E.D.Pa.

1999) citing  Albright v.Oliver, 510 U.S. 266,  279 n. 5, 114 S.Ct. 807 (Ginsburg,

J. concurring). "Although a prosecutor may initiate criminal proceedings based on

information received from a police officer, the prosecutor does so only after

independently reviewing the information and exercising his or her discretion to

initiate such proceedings." Merrero v. Micewski,  1998 WL 414724, *6 (E.D.Pa.)

citing  Reed v. City of Chicago, 77 F.3d 1049, 1053 (7th Cir.1996);  Torres v.

McLaughlin, 966 F. Supp. 1353, 1365 (E.D. Pa. 1997).   An officer may be

considered to have initiated a criminal proceeding only if he or she "knowingly

provided false information to the prosecutor or otherwise interfered with the

prosecutor's informed discretion." <u>Merrero</u>, 1998 WL 414724, at *6 (citations omitted).

Here, the Complaint is devoid of any factual allegation to suggest that Officers Arthur, Borowicz or Flesher had any input into the decision to prosecute Matthews. Moreover, there is no allegation that any of these Officers provided false information to the prosecutor. Rather, Plaintiff claims only that Defendant Logan allegedly provided false testimony regarding the attack. (Comp at ¶ 33). As such, the Complaint fails as a matter of law to state a claim for malicious prosecution against the Olyphant Officers, Arthur, Borowicz and Flesher and this claim must be dismissed with prejudice.

In addition, the absence of probable cause is an "indispensable element of a malicious prosecution claim" and the Plaintiff bears the burden of demonstrating the absence of probable cause. <u>Gilbert v. Feld</u>, 842 F. Supp. 803, 814 (E.D. Pa. 1993). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 483 (3d Cir. 1995). A police officer is, "…not required to undertake an exhaustive investigation in order to validate the probable cause ...." <u>Merkle v. Upper Dublin School District</u>, 211 F.3d 782, 790 n.8 (3d. Cir. 2000).

The Complaint as alleged admits probable cause. Mr. Matthews admits that he participated in the fight and that he intentionally bit Noreen Logan's finger. (Comp at ¶¶ 22, 24). He further admits that Noreen Logan identified him to the police as the man who bit her finger. (Comp at ¶ 29). "A credible report by a witness, or preferably the victim, can be enough to establish probable cause". Meising v. Borough of Oakmont, 2008 WL 4425850, 4 (W.D.Pa.) (W.D.Pa.) citing Miller v. County of Allegheny, 2006 WL 3332809 at *5-6 (W.D.Pa.) (officer had probable cause to make an arrest based on the victim's report of sexual assault by a jail guard). These facts constitute probable cause to arrest Matthews for assault and disorderly conduct. Moreover, since Plaintiff has alleged that he was bound over for trial, which was held on October 21, 2009, there necessarily was determination that probable cause existed. (Comp at ¶ 32). Accordingly, Count I fails as a matter of law and must be dismissed.

> 2. <u>Plaintiff's Fourteenth Amendment selective prosecution claim must be dismissed.</u>

Although Matthews does not formally label Count II as an equal protection claim, he alleges that he is a victim of "selective prosecution." (Complaint at ¶¶ 51-54). The essence of an equal protection claim is disparate treatment. Since Plaintiff does not allege that he is a member of a protected class, he presumably proceeds on a "class of one" theory. In order to succeed on such a claim, Matthews must allege atleast that: (1) the defendant treated him differently from

others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment. Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Plaintiff must also allege the deprivation of a federally protected right. Miller v. Mitchell, 598 F.3d 139, 147 (3d Cir. 2010).

Plaintiff has not suffered a deprivation of any constitutional right and his equal protection claim fails. As Plaintiff admits, he was involved in a fight where he intentionally bit Noreen Logan's finger. After the police conducted interviews, Mrs. Logan identified Mr. Matthews as the man who bit her. He then was arrested for assault and disorderly conduct.

Even assuming that the Complaint stated a claim for a constitutional deprivation, which Defendants specifically deny, the Complaint as pled fails to state a claim for selective prosecution. The factual allegations do not support the conclusion that Plaintiff was similarly situated to Mr. Logan, nor does it plead any factual allegations sufficient to conclude that the Officers acted intentionally or irrationally. Rather, Plaintiff claims only that "upon information and belief" the Officers allegedly had a pre-existing relationship with Defendant, Thomas Logan who is a police officer with Dickson City Police Department and were therefore biased in Logan's favor against Plaintiff. (Comp at ¶12, ¶ 36). In Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009), the Supreme Court stated as follows:

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

After <u>Twombly</u> and <u>Iqbal</u>, *supra*, a Plaintiff cannot simply aver "upon information and belief."

     3.   <u>Plaintiff's Fourth Amendment false arrest/false imprisonment claim must be dismissed.</u>

An arrest based on probable cause precludes a Section 1983 claim for false arrest or false imprisonment. <u>Groman v. Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995); <u>Garcia v. County of Bucks, Pennsylvania</u>, 155 F.Supp.2d. 259, 265 (E.D.Pa.2001). A police officer is, "...not required to undertake an exhaustive investigation in order to validate the probable cause ...." <u>Merkle v. Upper Dublin School District</u>, 211 F.3d 782, 790 n.8 (3d. Cir. 2000). When the officer's conduct is objectively reasonable, his subjective motives or intentions are immaterial. <u>Floyd v. Farrell</u>, 765 F.2d 1, 4 (1st Cir. 1985); <u>Funderburg v. Gangl</u>, 1995 WL222018,*3 (E.D. Pa.). In other words, the dismissal of charges against an arrestee or the ultimate verdict of guilt or innocence has no bearing on whether the

arrest was valid. <u>Valenti v. Sheller</u>, 765 F. Supp. 227, 230 (E.D. Pa. 1991). The existence of probable cause bars any subsequent action by an arrestee for a violation of his civil rights because of the arrest. <u>Funderburg</u>, 1995 WL222018 at *3, <u>citing</u> <u>Pierson v. Ray</u>, 386 U.S. 547, 557 (1967); <u>Dowling v. City of Phila.</u>, 855 F.2d 136, 141 (3d Cir. 1988).

As outlined above, the Complaint as alleged admits probable cause. Matthews admits that he participated in the fight and that he intentionally bit Noreen Logan's finger. (Comp at ¶¶ 22, 24). He admits that he was arrested after Noreen Logan identified him to the police as the man who bit her finger. (Comp at ¶ 29). These facts constitute probable cause to arrest Matthews for assault and disorderly conduct. Moreover, since Plaintiff has alleged that he was bound over for trial, which was held on October 21, 2009, there necessarily was determination that probable cause existed. (Comp at ¶ 32). Accordingly, Count III fails as a matter of law and must be dismissed.

### E. THE INDIVIDUAL POLICE OFFICERS, ARTHUR, BOROWICZ AND FLESHER ARE ENTITLED TO ABSOLUTE IMMUNITY

To the extent that Plaintiff attempts to allege a claim based on the alleged false testimony of any individual police officer defendant, such claim must be dismissed. Police officers are entitled to absolute immunity from suit, including section 1983 suits, for testimony given at trial or pre-trial proceedings. <u>Brisoce v.</u>

LaHue, 460 U.S. 325, 326-336 (1983); Williams v. Hepting, 844 F.2d 138, 140 (3d. Cir. 1988) cert. denied, 488 U.S. 851 (1988). Accordingly, any claim allegedly arising out of purported false testimony fails as a matter of law and must be dismissed.

F.  **THE INDIVIDUAL POLICE OFFICERS, ARTHUR, BOROWICZ AND FLESHER ARE ENTITLED TO QUALIFIED IMMUNITY**

The Supreme Court held, in Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." In Anderson v. Creighton, 483 U.S. 635, 640 (1987), the Court explained that to defeat immunity it is not sufficient that the right at issue be clearly established as a general matter. The question is whether a reasonable official could have believed his conduct was lawful in light of clearly established law and the information the official possessed. 483 U.S. at 641. The Court of Appeals for the Third Circuit interpreted the Anderson standard in Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), cert. denied 501 U.S. 1218 (1991), to require the Court to examine the specific conduct of each Defendant claiming qualified immunity. In other words, a Plaintiff must adduce specific allegations or evidence as to the allegedly violative conduct of each Defendant in

order to avoid the entitlement of qualified immunity.    Id., see also Good v. Dauphin Social Services, 891 F.2d 1087, 1092, 1096-97 (3d Cir. 1990). Essentially, qualified immunity protects all but the plainly incompetent or those who knowingly violate the law. Malley v. Briggs, 475 U.S. 335, 341 (1986). "The entitlement is an immunity from suit rather than a mere defense to liability; and ... it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1995). Further, a Rule 12(b)(6) dismissal of a claim on qualified immunity grounds is proper. Behrens v. Pelletier, 516 U.S. 299, 116 S. Ct. 834, 839 (1996), citing Mitchell v. Forsyth, 472 U.S. at 526 (1995).

A police officer who reasonably but mistakenly concludes that probable cause to arrest exists is entitled to immunity from suit. Hunter v. Bryan, 502 U.S. 224, 228 (1991); Anderson, 483 U.S. at 641. "The entitlement is an immunity from suit rather than a mere defense to liability; and ... it is effectively lost if a case is erroneously permitted to go to trial." Mitchell v. Forsyth, 472 U.S. 511, 526 (1995).

Plaintiff has not suffered a constitutional deprivation. The Complaint admits probable cause. Matthews admits that he participated in the fight and that he intentionally bit Noreen Logan's finger. (Comp at ¶¶ 22, 24). The victim, Noreen Logan identified him to the police as the man who bit her finger. (Comp at ¶ 29). The police officers conducted interviews. Moreover, there are no factual

allegations which support any conclusory claim of improper behavior on the part of these Officers.  There are no allegations from which a jury can conclude that a reasonable official in these Officers' position at the relevant time could have believed that their conduct was unlawful.  See Good, 891 F.2d at 1092.

Accordingly, based on their reasonable behavior under the circumstances, the individually named defendants are entitled to qualified immunity.

### G.    THE COMPLAINT FAILS TO STATE A CLAIM AGAINST DEFENDANT, BOROUGH OF OLYPHANT

It is axiomatic that there is no *respondeat superior* liability under §1983. Rizzo v. Goode, 423 U.S. 362, 377 (1978).  Rather, as the Supreme Court held in Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978), it is only "when execution of the government's policy or custom … inflicts the injury that the government as an entity is responsible under §1983."   As the Supreme Court stated:

> Locating 'policy' insures that a municipality is held liable only for those deprivations resulting from the decision of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality as well.

Board of the County Commissioner of Bryan County, Oklahoma v. Jill Brown, 520 U.S. 397, 117 S. Ct. 1382, 1388 (1997) (citations omitted).  Plaintiff Matthews must also establish that the municipal action taken was with a reckless disregard of culpability and a direct causal link between the municipal action and the

18

deprivation of federal rights. Id.

   While a municipality's failure to properly train its employees and/or officers can create an actionable violation under §1983, there is liability only "where the failure to train amounts to deliberate indifference to the rights of persons with whom the [municipal employees] come into contact." Reitz v. County of Bucks, 125 F.2d 139, 144 (3d Cir. 1997) citing City of Canton v. Harris, 489 U.S. 378, 388 (1989). In other words, "only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality . . . a 'policy' as defined by our prior cases - - can a city be liable for such a failure under §1983." Id. Establishing municipal liability on a failure to train claim under §1983 is difficult. Reitz v. County of Bucks, 125 F.3d at 145. A Plaintiff bringing such a §1983 claim, ". . . must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz, 125 F.3d at 145 (citations omitted).

   In order to be held liable under §1983 for a failure to supervise its police officers, a Plaintiff must establish that such failure reflects a policy of "deliberate indifference" to the constitutional rights of its citizens. See Groman v. Township of Manalapan, 47 F.2d 628, 637 (3d Cir. 1995). In order to establish such deliberate indifference, a Plaintiff must demonstrate the following:

(1) That the municipal policymaker had contemporaneous knowledge of the offending occurrence or knowledge of a prior pattern of incidents of similar violations of constitutional rights; and

(2) A failure to take adequate measures to ensure the particular right in question or otherwise communicated a message of approval to the offending subordinate.

Garcia v. County of Bucks, PA, 155 F. Supp. 2d at 268 citing Montgomery v. DeSimone, 159 F.3d 120, 127 (3d Cir. 1998).

The implementation of an official policy, custom or practice could not have led to a deprivation of any federally protected right where the well pled factual allegations of the Complaint as set forth above, fail to state a claim for any actionable deprivation of any federally protected right. City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986); Simmons v. City of Philadelphia, 947 F. 2d 1042, 1063 (3d Cir. 1991). In other words, a municipality cannot be liable absent a constitutional violation by its officers. See Evans v. Avery, 100 F.3d 1033, 1039-40 (1st Cir. 1996); Thompson v. Boggs, 33 F.3d 847, 859 N. 11 (7th Cir. 1994).

The Complaint as pled at a minimum fails to allege any factual allegations which could form the basis of any deliberate indifference on the part of the Borough. There are no factual allegations which suggest that any municipal policymaker had contemporaneous knowledge of the alleged offending occurrence or knowledge of a prior pattern of similar violations of constitutional rights like

false arrests. Accordingly, any claim against the Borough must be dismissed. Moreover, a single incident of behavior without direct involvement by a policy maker is insufficient to impose municipal liability. Pembaur v. City of Cincinnati, 475 U.S. 469, 479, 106 S.Ct. 1292 (1986); Groman v. Manalapan, 47 F.3d at 637. Accordingly, any claim against the Borough of Olyphant fails and must be dismissed.

### H.    PLAINTIFF'S STATE LAW CLAIMS MUST BE DISMISSED

Because the federal claims against Defendants, Olyphant Borough, Olyphant Borough Police Department,  Officer Arthur, Officer  Borowicz and Officer Flesher must be dismissed, the decision to entertain or dismiss supplemental state law claims is within this Court's discretion, 28 U.S.C. §1367(c)(3).  Courts should ordinarily decline to exercise supplemental jurisdiction over state law claims when the federal claims are dismissed.  See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Bibby v. Phila. Coca-Cola Bottling Co., 85 F. Supp. 2d 509, 519 (E.D. Pa. 2000).

In any regard, Plaintiff's state law claims of false arrest/false imprisonment and malicious prosecution fail to state a claim upon which relief can be granted and must be dismissed.  In Pennsylvania, a party bringing a malicious prosecution claim must demonstrate that the proceeding was initiated without probable cause. Groman, 47 F.3d at 636. Similarly, a "false arrest is defined as 1) an arrest made

without probable cause or 2) an arrest made by a person without privilege to do so." Russoli v. Salisbury Tp., 126 F.Supp.2d 821, 869 (E.D. Pa. 2000)(citations omitted). "The elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention. An arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not." Renk v. City of Pittsburgh, 537 Pa. 68, 76, 641 A.2d 289, 293 (1994).

These claims depend upon the absence of probable cause. However, as set forth above, the Complaint as alleged admits probable cause. Mr. Matthews admits that he participated in the fight and that he intentionally bit Noreen Logan's finger. (Comp at ¶¶ 22, 24). He further admits that Noreen Logan identified him to the police as the man who bit her finger. (Comp at ¶ 29). These facts constitute probable cause to arrest Matthews for assault and disorderly conduct. Moreover, since Plaintiff has alleged that he was bound over for trial, which was held on October 21, 2009, there necessarily was determination that probable cause existed. (Comp at ¶ 32). Accordingly, Counts VI and VII fail as a matter of law and must be dismissed.

Moreover, Olyphant Borough is immune from the state law claims of malicious prosecution and false. Pursuant to the Pennsylvania Governmental Immunity Act, municipal Defendants and their employees are provided immunity from state law tort claims. 42 Pa. C.S. §8541 et seq. Pursuant to 42 Pa. C.S.

§8541, no local agency shall be liable for any damage on account of any injury to a person or property caused by any act of the local agency or any employee thereof or any other person, except as otherwise provided in that subchapter. The Act grants broad immunity to municipal defendants based on intentional conduct, only waiving it with respect to eight narrow categories of "negligent acts," specifically:

> (1) Vehicle liability. – The operation of any motor vehicle in the possession or control of the local agency … (2) Care, custody or control of personal property … (3) Real property … (4) Trees, traffic controls and street lighting … (5) Utility service facilities … (6) Streets … (7) Sidewalks … (8) Care, custody and control of animals.

42 Pa. C.S. § 8542(b). Moreover, suits against municipal employees acting in their official capacities are "treated as claims against the municipal entities that employ the individuals." In other words, tort claims generally are barred by the Governmental Immunity Act. Henley v. Octorara Area School Dist., 701 F. Supp. 545 (E.D. Pa. 1988).[2] Since Plaintiff's purported tort claim of false arrest and malicious prosecution is not a "negligent act" and none of the exceptions apply, the Borough and Police Department are immune from liability and must be dismissed. Moreover, because the officers acted reasonably based on probable cause as admitted in Plaintiff's Complaint, they are similarly immune and must be

---

[2] An individual's immunity is lost only if, "… it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice, or willful misconduct." 42 Pa. C.S. §8550. "Willful misconduct" means that a police officer committed an intentional tort subjectively knowing that his or her conduct was wrong. See In re City of Philadelphia Litigation, 158 F.3d 723, 728 (3d Cir. 1998).

dismissed with prejudice.

## I.    <u>PUNITIVE DAMAGES ARE NOT RECOVERABLE</u>

To the extent Plaintiff seeks punitive damages against Olyphant Borough, the Police Department or the individual police officers, Arthur, Borowicz or Flesher, they are not recoverable and must be dismissed with prejudice. Punitive damages are not recoverable against a municipality or an individual Defendant in his official capacity unless such recovery is expressly authorized by statute.  Under 42 U.S.C. § 1983, punitive damages may not be recovered against an individual defendant sued in his official capacity; they are immune from awards of punitive damages.  <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981); <u>Doe v. County of Centre</u>, 242 F.3d 437 (3d Cir. 2001); <u>Lakits v. York</u>, 258 F. Supp. 2d 401, 408 (E.D. Pa. 2003).  Pennsylvania Courts have also held individuals in their official capacity cannot be held liable for punitive damages.   <u>Township of Bensalem v. Press</u>, 93 Pa. Cmwlth. 235, 249, 501 A.2d 331, 338 (1985). Accordingly, the Complaint fails to state a claim for punitive damages and must be dismissed with prejudice.

## V.    <u>CONCLUSION</u>

Based on the foregoing, Defendants, Borough of Olyphant, Olyphant Police Department and Officers Arthur, Borowicz and Flesher respectfully request that this Honorable Court their Motion to Dismiss with prejudice.

**MAYERS, MENNIES & SHERR, LLP**


BY:/s/ ANTHONY R. SHERR, ESQUIRE
    Attorney for Defendants
    Olyphant Police Department, Borough
    of Olyphant, Officer Arthur,
    Officer Borowicz and Officer Flesher

    3031 Walton Road, Building A
    Suite 330, P.O. Box 1547
    Blue Bell, PA 19422-0440
    (610) 825-0300
    Fax (610) 825-6555