**Attorney for Plaintiff, Richard Matthews**
Matthew B. Weisberg
Weisberg Law, P.C.
7 South Morton Avenue
Morton, PA 19070
(610) 690-0801
(610) 690-0880

**Attorney for Defendants**
Anthony R. Sherr
Mayers, Mennies & Sherr, LLP
3031 Walton Road
Building A, Suite 330
Blue Bell, PA 19422-0440
(610) 825-0300
(610) 825-6555

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Matthews | : | |
| Plaintiff, | : | CIVIL ACTION NO.:  10-cv-1215 |
| v. | : | |
| | : | |
| Officer Arthur, et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants | : | |

### JOINT CASE MANAGEMENT PLAN

Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form.  Each party shall provide all requested information.  If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan.  Disagreements among parties with respect to any of the matters below shall be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1. Principal Issues**

    1.1    Separately for each party, please give a statement summarizing this case:

        **By plaintiff(s):**

Plaintiff, Richard Matthews, is suing three police officers from the Olyphant police department for injuries he sustained as the result of the selective prosecution for charges associated with a bar fight arising at Runco's Tavern in Olyphant.

        **By defendant(s):**

Plaintiff was drinking in a bar and involved in an altercation that turned into an assault on non-party Thomas Logan. After speaking to numerous witnesses, including the Plaintiff and the victim, Defendants, Officers Arthur, Borowicz and Flesher properly arrested the Plaintiff for assault.

Plaintiff was found not guilty at trial, due to a critical prosecution witness being unavailable. This in no way impacts the probable cause for the arrest. Prior to trial, the charges were sustained at a probable cause hearing in front of a magisterial district judge.

    1.2    **The facts the parties <u>dispute</u> are as follows:**

On February 19, 2009, Plaintiff was in Runco's tavern and suddenly Thomas Logan, and non-party, Brian Doughton, began fighting inside the bar.

As the fight moved outside, Plaintiff went outside and got in the middle of the two men and tried to break up the fight.

Non-party, Noreen Logan, Thomas Logan's wife, jumped on Plaintiff's back while he was trying to break up the fight.

Plaintiff had no idea what was happening except he felt hands wrapped around his face trying to claw him, so, in self-defense, he bit non-party, Noreen Logan's finger, and she immediately jumped off Plaintiff's back.

Plaintiff was unable to restrain the two men who were fighting and uninterested in breaking up the fight after he himself had been attacked by Noreen Logan, so Plaintiff went back inside the tavern, sat down and ordered a drink.

Meanwhile, Logan and Doughton continued fighting outside the bar.

Approximately ten minutes after returning to the bar, Defendants, Officers Arthur, Borowicz and Flesher, entered the bar and arrested Plaintiff, charging him with assault, aggravated assault and disorderly conduct.

Said Defendant Officers, interviewed Doughton, Thomas Logan and Noreen Logan.

After interviewing these individuals, all of whom were outside the bar during the fight, said Defendants, Officers, entered the bar with non-party, Noreen Logan, who identified Plaintiff as the individual who bit her finger.

Said Defendants, Officers, interviewed Plaintiff, who was not intoxicated at the time of the incident, and Plaintiff calmly explained what had happened.

Said Defendants, Officers, ignored the facts as Plaintiff explained them and instead, intentionally and maliciously, chose to charge Plaintiff with the aforementioned charges.

Due to Defendants' actions, Plaintiff was arrested, detained for approximately 36 hours, and banned from his home for over one week.

Plaintiff claims that he was not involved in the fight.  Numerous witnesses state that he assaulted Thomas Logan.

**agree upon are as follows:**

None.

1.3     **The legal issues the parties dispute are as follows:**

Whether Defendants, Officers Arthur, Borowicz and Flesher, had a pre-existing relationship with Thomas Logan, due to their profession and were biased in Logan's favor and against Plaintiff leading to Plaintiff's prosecution.

Whether Plaintiff was singled out for ongoing prosecution as involved in an altercation with a police officer.

Whether Thomas Logan, who, along with Doughton, instigated the fight, was never charged nor even investigated because Thomas Logan was a police officer.

Whether Defendants failed to investigate, charge, or otherwise punish Thomas Logan, despite statements given to Defendants at the scene, and despite information in their possession that Defendant Logan had, at the very least, committed an assault.

Whether Defendants' actions stated above, *inter alia,* were committed under color of state law and were violations of Plaintiff's clearly establish and well-settled Constitutional and other legal rights.

Whether the Defendant Officers had probable cause to arrest the Plaintiff.

**agree upon are as follows:**

None.

1.4     Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

There are no unresolved issues concerning

1.5     Identify any named parties that have not yet been served:

    None.

1.6    Identify any additional parties that:

    plaintiff(s) intends to join:

    None at this time.

    defendant(s) intends to join:

    None at this time.

    1.7    Identify any additional claims that:

    plaintiff(s) intends to add:

    None at this time.

    defendant(s) intends to add:

    None at this time.

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

    2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| <u>Plaintiff</u> | |
| <u>Thomas Doughton</u> | <u>Fact Witness</u> |
| <u>Thomas Logan</u> | <u>Fact Witness</u> |
| <u>Noreen Logan</u> | <u>Fact Witness</u> |

Disclosed by Defendants<u> </u>:

| <u>Name</u> | <u>Title/Position</u> |
|---|---|
| Officer Arthur | Police Officer – Olyphant Borough |
| Officer Borowicz | Police Officer – Olyphant Borough |
| Officer Flesher | Police Officer – Olyphant Borough |
| Thomas J. Logan | Police Officer – Dickson City |
| Noreen Logan | Civilian Witness |

        Officer Lewis Kline        Police Officer – Olyphant Borough

        Chief Gilgallon        Police Chief – Olyphant Borough

**3.0    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

<u>Nature of Motion</u>        <u>Moving Party</u>  <u>Anticipated Filing Date</u>

Motion to Dismiss        Defendants

**4.0    Discovery**

    4.1    Briefly describe any discovery that has been completed or is in progress:

        By plaintiff(s):  Interrogatories and Requests for Production have been served upon Defendants.

        By defendant(s):  Interrogatories and Requests for Production have been served upon Plaintiff.

    4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

    Depositions of the parties should be completed as well as depositions of fact witnesses set forth above.

    4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects,</u> indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

    None at this time.

    4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

Plaintiff is not seeking any subject matter limitations at this time, but reserves the right to object to discovery requests not reasonably calculated to lead to the discovery of admissible evidence.

    4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

        4.5.1  depositions (excluding experts) to be taken by:

            plaintiff(s): 10        defendant(s): 10

        4.5.2  interrogatories to be served by:

            plaintiff(s): 25        defendant(s): 25

        4.5.3  document production requests to be served by:

            plaintiff(s): 50        defendant(s): 50

        4.5.4  requests for admission to be served by:

            plaintiff(s): 25        defendant(s): 25

    4.6    Discovery of Electronically Stored Information

        9 Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

The parties do not anticipate any issues arising at this time with regards to electronic discovery.

**5.0    Protective Order**

    5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

**6.0  Scheduling**

    6.1  Final date for joining additional parties:

        <u>  March 1, 2011  </u>  Plaintiff(s)
        <u>  March 31, 2011  </u>  Defendants(s)

    6.2  Final date for amending pleadings:

        <u>  March 1, 2011  </u>  Plaintiff(s)

        <u>  March 31, 2011  </u>  Defendants(s)

    6.3  All fact discovery commenced in time to be completed by:
        <u>  March 18, 2011  </u>

    6.4  All potentially dispositive motions should be filed by:  <u>  November 1, 2011  </u>

    6.5  Reports from retained experts due:

        from plaintiff(s) by   September 1, 2011

        from defendant(s) by  October 1, 2011

    6.6  Supplementations due  October 15, 2011

    6.7  All expert discovery commenced in time to be completed by  <u>October 31, 2011</u>

    6.8  This case may be appropriate for trial in approximately:

        <u>  </u> 240 Days from the filing of the action in this court

        <u>  </u> 365 Days from the filing of the action in this court

        <u>  </u> Days from the filing of the action in this court

    6.9  Suggested Date for the final Pretrial Conference:

    <u>December 2011</u> (month/year)

    6.10  Trial

        6.10.1  Suggested Date for Trial:  January, 2012

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Name, Plaintiff, Richard Matthews


     Catherine Moffett-Johnson
Name

     Claims Specialist
Title

    EMC Insurance Companies
    1610 Medical Drive
    P.O. Box 297
    Pottstown, PA 19464-0297
Address

**8.0  Alternative Dispute Resolution ("ADR")**

   8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:  Plaintiff's only consent to the scheduling of a court mediated settlement conference.  At this time, Plaintiff believes other ADR procedures would be unproductive towards the resolution of the case.

**9.0    Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court:  _  Y   X  N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

      ___ Scranton/Wilkes-Barre

      ___ Harrisburg

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

**11.0   Identification of Counsel**

Counsel shall be registered users of the court=s Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures.  Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy.  Any request for waiver of electronic filing must be filed with the Clerk=s Office prior to the case management conference.  The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party.  Also please indicate ECF User status below.

Lead Counsel for Plaintiff, Matthew B. Weisberg, ECF User.

Lead Counsel for Defendant, Anthony R. Sherr, ECF User.

Dated:  January 3, 2011

                                                             **WEISBERG LAW, P.C.**
                                                         _s/MATTHEW B. WEISBERG____
                                                          Matthew B. Weisberg
                                                          Graham F. Baird
                                                          *Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Matthews | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 10-cv-1215 |
| v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants | : | |

**CERTIFICATE OF SERVICE**

I, Graham F. Baird, hereby certify that on this day of January 3, 2011, I caused a true and correct copy of the foregoing Joint Pre-Trial Statement to be served upon the opposing counsel via efiling, upon all parties, represented or otherwise, respectively.

Anthony R. Sherr
Mayers, Mennies & Sherr, LLP
3031 Walton Road
Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440

**Weisberg Law, P.C.**

___S/MATTHEW B. WEISBERG________
Matthew B. Weisberg, Esquire
Graham F. Baird, Esquire
Attorneys for Plaintiff