## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MATTHEWS | : | CIVIL ACTION |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| OFFICER ARTHUR, ET AL. | : | NO. 10-cv-1215 |
| | : | JUDGE MUNLEY |

### DEFENDANTS, ARTHUR, BOROWICZ AND FLESHER'S
### ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

**NOW COME** Defendants, Officers Arthur, Borowicz and Flesher, by and through their respective counsel of record, Mayers, Mennies & Sherr, LLP, and file this Answer to Plaintiff's Second Amended Complaint and incorporate herein by reference all pleadings and motions they have filed or will file in this matter and aver as follows:

1.      Denied as stated.  It is admitted that Plaintiff has filed the instant action seeking fees, costs, damages and other relief.  The remaining allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

2.      Denied.  The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

3.      Denied.  The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they

are denied.

4.    Denied.    The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

5.    Denied.    The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

6.    Admitted in part and denied in part.  It is admitted that Plaintiff is an adult individual.  All other allegations are denied. After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

7.    Admitted in part and denied in part.  It is admitted that Thomas Logan was a member of the Dickson City Police Department.  The remaining allegations of this paragraph are denied on the basis that Answering Defendants are unable to interpret the statement "at all times material" and therefore is unaware of what capacity he may have been acting in at the time.  By way of further response without waiving any objection, the allegations are conclusions of law to which no responsive pleading is required.  Further, the averments refer to a Defendant other than

Answering Defendants and, therefore, no answer is required.

8.      Admitted in part and denied in part.  It is admitted that Officer Arthur was a member of the Olyphant Police Department.  The remaining allegations of this paragraph are denied on the basis that Answering Defendants are unable to interpret the statement "at all times material" and therefore is unaware of what capacity he may have been acting in at the time.  By way of further response without waiving any objection, the allegations are conclusions of law to which no responsive pleading is required.

9.      Admitted in part and denied in part.  It is admitted that Officer Borowicz was a member of the Olyphant Police Department.  The remaining allegations of this paragraph are denied on the basis that Answering Defendants are unable to interpret the statement "at all times material" and therefore is unaware of what capacity he may have been acting in at the time.  By way of further response without waiving any objection, the allegations are conclusions of law to which no responsive pleading is required.

10.     Admitted in part and denied in part.  It is admitted that Officer Flesher was a member of the Olyphant Police Department.  The remaining allegations of this paragraph are denied on the basis that Answering Defendants are unable to interpret the statement "at all times material" and therefore is unaware of what capacity he may

have been acting in at the time.  By way of further response without waiving any objection, the allegations are conclusions of law to which no responsive pleading is required.

11.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

12.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

13.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they

are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

14.    Denied.   After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

15.    Denied.   After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that Plaintiff "tried to break up the fight."  Upon information and belief, Plaintiff was one of the parties involved in an assault on Defendant Logan.

16.    Denied.   After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that Plaintiff was "trying to break up the fight."   Upon information and belief, Plaintiff was one of the parties involved in an assault on Defendant Logan.

17.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

18.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.  It is specifically denied that Plaintiff was "breaking up the fight."  Upon information and belief, Plaintiff was one of the parties involved in an assault on Defendant Logan.

19.     Denied.   After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

20.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable

6

investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.  Further, the averments refer to a Defendant other than Answering Defendants and, therefore, no answer is required.

21.   Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.  Further, the averments refer to a Defendant other than Answering Defendants and, therefore, no answer is required.

22.   Denied as stated.  It is admitted that Plaintiff was charged with simple assault, aggravated assault and disorderly conduct.  All other averments are denied because after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.  It is strictly denied that Answering Defendants did anything "at the behest of Defendant Logan".

23.   Denied as stated.  It is admitted that the Officers interviewed numerous

individuals that evening regarding the assault on Defendant Logan, including the Plaintiff, Brian and Ed Doughton, Thomas Logan and Noreen Logan.

24.     Denied as stated.  It is admitted that Noreen Logan identified the Plaintiff as the individual who bit her while he was involved in an assault on Defendant Logan. All other averments are denied because after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

25.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.  It is strictly denied that Answering Defendants did not properly conduct a police investigation.   In fact, Answering Defendants interviewed numerous individuals that evening regarding the assault on Defendant Logan and had probable cause to arrest Plaintiff for said assault.

26.     Denied as stated.  It is admitted that the Officers interviewed the Plaintiff

regarding his involvement in the assault on Defendant Logan.  All other averments are denied because after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

27.    Denied as stated.  It is admitted that the Officers interviewed the Plaintiff regarding his involvement in the assault on Defendant Logan.  All other averments are denied because after reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

28.    Denied as stated.  It is admitted that the Officers properly charged the Plaintiff regarding his involvement in the assault on Defendant Logan. The remaining allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

29.    Denied as stated.  It is admitted that the Officers properly arrested the Plaintiff regarding his involvement in the assault on Defendant Logan. The remaining allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, it is specifically denied that the Answering Defendants in any way banned the Plaintiff from his home, and any such allegation is preposterous.

30.   Denied as stated.   The results of the criminal proceeding are memorialized in a writing, which speaks for itself, and said writing is admitted. However, Plaintiff's characterization of the writing is denied.

31.   Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.  Further, the averments refer to a Defendant other than Answering Defendants and, therefore, no answer is required.

32.   Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, it is specifically denied that Answering Defendants Arthur, Borowicz and Flesher had a pre-exiting relationship with Defendant Logan or had any bias in his favor as alleged.

33.   Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

34.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

35.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, to the extent the allegations contained in this paragraph are deemed other than conclusions of law they are denied.  After reasonable investigation, Answering Defendants are without sufficient information to form a belief as to the truth of this averment, which is therefore deemed denied and strict proof thereof is demanded at the time of trial.

## COUNT I
## CIVIL RIGHTS VIOLATION – MALICIOUS PROSECUTION

36.     Defendant's answers to Paragraphs 1 through 35 of Plaintiff's Second Amended Complaint are incorporated as though fully set forth herein by reference.

37.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they

are denied.

38.     Denied.    The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

39.     Denied.    The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

40.     Denied.    The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

41.     Denied.    The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

42.     Denied.    The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, it is specifically denied that Answering Defendants Arthur, Borowicz and Flesher had a pre-exiting relationship with Defendant Logan or had any personal animus against Plaintiff as alleged.

43.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, Answering Defendants properly charged the Plaintiff regarding his involvement in the assault on Defendant Logan and had probable cause to arrest Plaintiff for said assault.

44.     Denied as stated.   The results of the criminal proceeding are memorialized in a writing, which speaks for itself, and said writing is admitted. However, Plaintiff's characterization of the writing is denied.  Further, Plaintiff's characterization of the writing is factually incorrect and actually contradicts the characterization in Paragraph 30 of Plaintiff's Second Amended Complaint.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff, plus interest and cost of this action including but not limited to reasonable attorney's fees incurred in defending this action plus such other relief as this Court deems just and proper.

## COUNT II
## CIVIL RIGHTS VIOLATION – SELECTIVE PROSECUTION

45.     Defendant's answers to Paragraphs 1 through 44 of Plaintiff's Second Amended Complaint are incorporated as though fully set forth herein by reference.

46.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they

are denied.  Further, Plaintiff's use of improper grammar and syntax in this paragraph make it impossible to form a proper response.  It is strictly denied that Answering Defendants did not properly conduct a police investigation.  In fact, Answering Defendants interviewed numerous individuals that evening regarding the assault on Defendant Logan and had probable cause to arrest Plaintiff for said assault.

47.	Denied.  The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  Further, Plaintiff's use of improper grammar and syntax in this paragraph make it impossible to form a proper response.  It is strictly denied that Answering Defendants did not properly conduct a police investigation.  In fact, Answering Defendants interviewed numerous individuals that evening regarding the assault on Defendant Logan and had probable cause to arrest Plaintiff for said assault.

48.	Denied.  The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff, plus interest and cost of this action including but not limited to reasonable attorney's fees incurred in defending this action plus such other relief as this Court deems just and proper.

## COUNT III
## STATE LAW CLAIM – MALICIOUS PROSECUTION

49.     Defendant's answers to Paragraphs 1 through 35 of Plaintiff's Second Amended Complaint are incorporated as though fully set forth herein by reference.

50.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  It is strictly denied that Answering Defendants did not have probable cause to arrest the Plaintiff.  Without waiving any objections, if Plaintiff is admitting to providing false testimony, as the paragraph as written clearly indicates, Answering Defendants admit that allegation.

51.     Denied.   The allegations contained in this paragraph constitute a conclusion of law to which no responsive pleading is required and on that basis, they are denied.  By way of further response, Answering Defendants properly charged the Plaintiff regarding his involvement in the assault on Defendant Logan and had probable cause to arrest Plaintiff for said assault.   It is specifically denied that Answering Defendants Arthur, Borowicz and Flesher had any personal animus against Plaintiff as alleged.

**WHEREFORE**, Answering Defendants demand judgment in their favor and against Plaintiff, plus interest and cost of this action including but not limited to reasonable attorney's fees incurred in defending this action plus such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has no common law or statutory cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable Statute of Limitations.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and/or causes of action are barred by the application of the doctrines of waiver and/or estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Answering Defendants assert each and every defense available under the applicable federal and state statutes.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for compensatory damages, punitive damages, equitable relief and any other relief, as requested.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages against Defendants.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not suffered emotional or physical injury.

## NINTH AFFIRMATIVE DEFENSE

The individual Defendants are entitled to qualified immunity.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred and/or limited by the provisions of the Governmental Immunity Act, 42 Pa. C.S. §8541 et seq.

## ELEVENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's alleged cause of action.

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendants' acts and/or omissions did not cause a deprivation of any federally protected rights.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' Complaint fails to meet constitutional standing requirements.

**MAYERS, MENNIES & SHERR, LLP**

BY:<u>/s/ ANTHONY R. SHERR, ESQUIRE</u>
      Attorney for Defendants
      Officer Arthur, Officer Borowicz and
      Officer Flesher

      3031 Walton Road, Building A
      Suite 330, P.O. Box 1547
      Blue Bell, PA 19422-0440
      (610) 825-0300
      Fax (610) 825-6555

**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RICHARD MATTHEWS | : | CIVIL ACTION |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| BOROUGH OF OLYPHANT, ET AL.: | | NO. 10-cv-1215 |
| | : | JUDGE MUNLEY |

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned hereby certify that on the 19th day of September 2011, a true

and correct copy of Defendants, Officer Arthur, Officer Borowicz and Officer

Flesher's Answer to Plaintiff's Second Amended Complaint was served electronically

upon the following:

Matthew B. Weisberg, Esquire
**Weisberg Law, P.C.**
7 S. Morton Ave.
Morton, PA 19070-7722
Counsel for Plaintiff Richard Matthews

Paul G. Lees, Esquire
**Marshall, Dennehey, Warner,
Coleman & Goggin**
1495 Valley Center Parkway, Suite 350
Bethlehem, PA 18017
Counsel for Defendant Thomas J. Logan

**MAYERS, MENNIES & SHERR, LLP**

BY:<u>/s/ ANTHONY R. SHERR, ESQUIRE</u>
Attorney for Defendants
Olyphant Police Department,
Borough of Olyphant, Officer Arthur,
Officer Borowicz and Officer Flesher
3031 Walton Road, Building A
Suite 330, P.O. Box 1547
Blue Bell, PA 19422-0440
(610) 825-0300
Fax (610) 825-6555