IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD MATTHEWS | : | CIVIL ACTION |
| | : | |
| vs. | : | JURY TRIAL DEMANDED |
| | : | |
| OFFICER ARTHUR, ET AL. | : | NO. 10-cv-1215 |
| | : | JUDGE MUNLEY |

## DEFENDANTS, OFFICERS ARTHUR, BOROWICZ AND FLESHER'S MEMORANDUM OF LAW IN SUPPORT OF THEIR SECOND MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

In this purported civil rights action, Plaintiff, Richard Matthews seeks to recover damages for alleged violations of his Civil Rights purportedly caused by being maliciously and selectively prosecuted for his involvement in an assault outside of a bar. The Plaintiff filed a Second Amended Complaint alleging counts of Malicious Prosecution, Selective Prosecution and a state law claim of Malicious Prosecution against Officers William Arthur, Brian Borowicz and Joseph Flesher, as well as Defendant Thomas Logan and ten purported "John Does". The Plaintiff's Second Amended Complaint fails to allege sufficient facts to support a cause of action against the Defendants and Summary Judgment must be granted in favor of Officers Arthur, Borowicz and Flesher.

### II. STATEMENT OF FACTS

Officers Arthur, Borowicz and Flesher responded to a radio call reporting a

large fight at Runco's Tavern. (See Deposition Transcript of Officer Joseph Flesher at Pages 10-11, a true and correct copy of which is attached hereto as Exhibit "A".) Upon arriving on scene, the Officers learned that Defendant Thomas Logan and Brian Doughton had been in a fight that began inside the bar and moved outside. (See Deposition Transcript of Officer Brian Borowicz at Page 25, a true and correct copy of which is attached hereto as Exhibit "B".)

The Officers were informed that after other individuals had pulled Mr. Doughton off Mr. Logan, the Plaintiff, Richard Matthews jumped on top of Mr. Logan, who was on the ground, and began beating him. (See Officer Borowicz Dep., Exhibit "B" at Page 25.) As Thomas Logan's wife, Noreen Logan, attempted to pull the Plaintiff off her husband, he bit her finger. (See Officer Borowicz Dep., Exhibit "B" at Page 42.)

Noreen Logan positively identified the Plaintiff, Richard Matthews, at the scene as the individual who attacked her husband and bit her finger. (See Officer Borowicz Dep., Exhibit "B" at Page 25.) The Plaintiff had swelling, redness and cuts on his hands consistent with having been in a fight. (See Officer Borowicz Dep., Exhibit "B" at Pages 44, 46.) The Officers arrested the Plaintiff based on the witnesses' identification and statements and the physical evidence on his hands. (See Officer Borowicz Dep., Exhibit "B" at Pages 44, 46.)

Plaintiff alleges that the Officers had a pre-existing relationship with Thomas Logan and were biased in favor of Mr. Logan because he was a police officer. (Second Amended Comp at ¶32).

Thomas Logan was a member of the Dickson City Police Department, but was injured and not on active status on the night of the incident. (See Deposition Transcript of Thomas Logan at Page 9-11, 62-63, a true and correct copy of which is attached hereto as Exhibit "C".) Thomas Logan never identified himself to anyone as a police officer on the night of the incident. (See Thomas Logan Dep., Exhibit "C" at Page 55.) Thomas Logan was not wearing a police uniform nor was he carrying his badge on the night of the incident. (See Thomas Logan Dep., Exhibit "C" at Pages 63-64.) Thomas Logan did not direct any of the officers to do anything on the night of the incident. (See Thomas Logan Dep., Exhibit "C" at Page 55.)

Officer Borowicz had never met Thomas Logan and did not find out that he was a police officer until after the incident. (See Officer Borowicz Dep., Exhibit "B" at Pages 18, 24.) Officer Flesher knew Thomas Logan in passing, having grown up in the same town and gone to the same schools, but years apart due to differences in age. (See Officer Flesher Dep., Exhibit "A" at Pages 24-25.) Officer Arthur was acquainted with Thomas Logan and knew him to be a police officer, but had no social relationship with him. (See Deposition Transcript of Officer William Arthur at Pages

12-15, a true and correct copy of which is attached hereto as Exhibit "D".)

## III. ARGUMENT

### A. Legal Standard

Summary Judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ. 56(c). However, "(t)he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact". Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, (U.S. 1986). A genuine issue of material fact arises only if a reasonable jury could find for the non-moving party on that fact. Id. at 248. The non-movant is not given the benefit of every inference or possibility, but only of every reasonable inference. Spence v. Zimmerman, 873 F.2d 256, 257 (11th Cir. 1989).

Rule 56(c) mandates the entry of Summary Judgment against a party who fails to produce evidence sufficient to establish an essential element of its case, on which he will bear the burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (U.S. 1986).

### B. Plaintiff Fails to State a Claim for Malicious Prosecution

Count I of the Second Amended Complaint alleges a claim for Malicious

Prosecution.

To demonstrate malicious prosecution a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). Probable cause has been defined by the Third Circuit as, "... proof of facts and circumstances that would convince a reasonable, honest individual that the suspected person is guilty of a criminal offense." Griffiths v. CIGNA Corp., 988 F.2d 457, 464 (3d Cir. 1993).

Officers Arthur, Borowicz and Flesher clearly had probable cause to arrest the Plaintiff, based upon witnesses' identification and statements and the physical evidence on the Plaintiff's hands. The Plaintiff has produced no witnesses or evidence to substantiate his claims that the Defendant Officers acted maliciously. The facts of record demonstrate that the Defendant Officers had no prior relationship with Thomas Logan.

The Plaintiff fails to allege any facts that would support a Malicious Prosecution claim and summary judgment must be granted in favor of the Defendants, Officers

5

Arthur, Borowicz and Flesher.

### C. Plaintiff Fails to State a Claim for Selective Prosecution

Count II of the Second Amended Complaint alleges a claim for Malicious Prosecution.

"A prosecution for the violation of a criminal law is presumed to be undertaken in good faith." U.S. v. Henderson, 584 F.Supp. 1037, 1038 (D.C.Pa. 1984). "The burden to establish a prima facie case of impermissible selective prosecution is on the defendant." Id. at 1038. "The government has the discretion of deciding whom it will prosecute." Id. at 1038. "The courts, because of the doctrine of separation of powers, do not freely interfere with the process." Id. at 1038.

For a defendant to support his claim of impermissible selective prosecution, he must satisfy the two part test set forth in United States v. Berrios:

> "To support a defense of selective or discretionary prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights...."

Henderson at 1038, quoting United States v. Berrios, 501 F.2d 1207, 1211 (2d Cir. 1974).

6

Plaintiff alleges that the Officers treated him differently because they had pre-existing relationship with Thomas Logan and because Mr. Logan was a police officer. Yet Officer Borowicz had never met Mr. Logan and was unaware at the time that Mr. Logan was a police officer. Officers Arthur and Flesher only knew Mr. Logan in passing.

Mr. Logan did not identify himself at the scene as a police officer. There is absolutely no indication of any pre-existing relationship between Mr. Logan and Officers Arthur, Borowicz and Flesher, nor is there any evidence of bias.

Regardless, Plaintiff cannot establish a claim for selective prosecution because he was not similarly situated as Mr. Logan and he has not alleged any discriminatory selection, and thus fails the two part test established in <u>Berrios</u> and adopted in <u>Henderson</u>. It is simply not possible to claim that an individual who attacks a man who has already been assaulted and is on the ground is in the same situation as the man he attacked. Further, the Plaintiff bit Noreen Logan's finger and there is no allegation that Thomas Logan bit anyone. Based on their respective conduct at the scene of the fight, there is no way that Plaintiff can claim to be similarly situated with Thomas Logan. Thus, Plaintiff fails the first prong of the <u>Berrios</u> test.

Plaintiff has made no claim of discriminatory selection. Plaintiff makes no claim of being treated differently because of his race, religion or any other protected

category or out of desire to prevent his exercise of any constitutional rights. Plaintiff claims to have been treated differently because he is not a police officer. People who are not police officers are not a protected class. There has been no evidence or even allegation of any discriminatory behavior that would meet the standards of the second prong of the Berrios test.

The Plaintiff completely fails to allege any facts that would support a Selective Prosecution claim and summary judgment must be granted in favor of the Defendants, Officers Arthur, Borowicz and Flesher.

### D. **Plaintiff Fails to State a State Law Claim for Malicious Prosecution**

In Count III of Second Amended Complaint, which is purportedly a claim for Malicious Prosecution under laws of the Commonwealth of Pennsylvania, the Plaintiff baselessly claims that the Defendants arrested the Plaintiff without probable cause and provided false testimony at trial and that the Defendants' actions were due to personal animus. No hint of a legal standard accompanies the Plaintiff's unfounded allegations.

Pennsylvania Courts have held that a cause of action for malicious prosecution generally requires proof that the defendant (1) instituted criminal proceedings against the plaintiff (2) without probable cause (3) with malice and (4) that the proceedings terminated in favor of the plaintiff. Tomaskevitch v. Specialty Records Corp., 717 A.2d 30, 33 (Pa.Cmwlth. 1998). Absence of probable cause is an indispensable

8

element of the action and it is not conclusively established by an adjudication of not guilty in the prior proceeding. Turano v. Hunt, 631 A.2d 822, 824 (Pa.Cmwlth. 1993). Probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant that an ordinary prudent person in the same situation could believe that the party is guilty of the offense. La Frankie v. Miklich, 618 A.2d 1145, 1148 (Pa.Cmwlth. 1992). 27.

Officers Arthur, Borowicz and Flesher clearly had probable cause to arrest the Plaintiff, based upon witnesses' identification and statements and the physical evidence on the Plaintiff's hands. The Plaintiff has produced no witnesses or evidence to substantiate his claims that the Defendant Officers provided false testimony. The Plaintiff has produced no witnesses or evidence to substantiate his claims that the Defendant Officers had a personal animus against the Plaintiff. In fact, the Plaintiff has produced absolutely no evidence to suggest that the Defendant Officers acted maliciously in any way.

The Plaintiff completely fails to allege any facts that would support a malicious prosecution claim under Pennsylvania law and summary judgment must be granted in favor of the Defendants, Officers Arthur, Borowicz and Flesher.

## IV. CONCLUSION

The factual record is clear: the Plaintiff cannot establish claims for Malicious

Prosecution or Selective Prosecution. Summary Judgment must be granted in favor of the Defendants, Officers Arthur, Borowicz and Flesher.

Respectfully Submitted,

**MAYERS, MENNIES & SHERR, LLP**

BY:/s/ ANTHONY R. SHERR, ESQUIRE
    Attorney for Defendants
    Officer Arthur, Officer Borowicz and
    Officer Flesher

    3031 Walton Road, Building A
    Suite 330, P.O. Box 1547
    Blue Bell, PA 19422-0440
    (610) 825-0300
    Fax (610) 825-6555