## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Matthews | : | |
| Plaintiff, | : | CIVIL ACTION NO.:  10-cv-1215 |
| v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants | : | |

## PROPOSED FORM OF ORDER

AND NOW this _____ day of _____, 2013, upon consideration of

Defendants', William Arthur, Brian Borowitz and Joseph Flesher, Amended Second Motion for

Summary Judgment, Defendant, Thomas Logan's Revised Motion for Summary Judgment and

Plaintiff's response in opposition thereto, it is hereby ORDERED and DECREED that

Defendants' Motions for Summary Judgment are hereby DENIED.

**AND IT IS SO ORDERED.**


_____

,U.S.D.J.

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

Richard Matthews                                     :
                        Plaintiff,         :         CIVIL ACTION NO.:  10-cv-1215
            v.                             :
                                           :
Runco's Tavern & Grill, Inc., et al        :
                                           : JURY OF TWELVE (12) JURORS DEMANDED
                        Defendants         :

### PLAINTIFF'S OPPOSITION TO THE AMENDED SECOND MOTION FOR SUMMARY JUDGMENT FILED BY POLICE OFFICER DEFENDANTS, ARTHUR, BOROWITZ AND FLESHER

Plaintiff, Richard Matthews, by and through his undersigned attorneys, Weisberg Law,

P.C., hereby files the following opposition to the Defendants, Police Officers Arthur, Borowitz

and Flesher's Amended Second Motion for Summary Judgment, and in support thereof, avers as

follows:

1.      Admitted.  The plaintiff's Second Amended Complaint is a writing, and, as such speaks

for itself.

2.      Admitted.  The plaintiff's Second Amended Complaint is a writing, and, as such speaks

for itself.

3.      Denied.  The allegations set forth in this paragraph are conclusions of law to which no

response is required

4.      Admitted.

5.      Admitted.

6.      Denied.  Plaintiff, Matthews attempted to break up the fight between Logan and

Doughton, along with other individuals at the scene.  [Exh. C, deposition transcript of Richard

Matthews, p. 65.]  Thomas Logan attempted to punch Richard Matthews on the date of the

incident without reason or justification.  [Exh. C, p. 68.]  At some point during the incident,

Thomas Logan's wife, Noreen Logan, jumped on Matthews' back.  [Exh. C, p. 69.]  At the time

that Noreen Logan jumped on Plaintiff's back she had bit his right hand and his finger which

dropped him to his knee and required medical attention.  [Exh. C, pp. 69-70.]  At no time did

Matthews punch anyone.  [Exh. C, p. 69.]  [Exh. H, Robert Doughton Tr. page 44.]

7.      Denied.  Plaintiff, Matthews attempted to break up the fight between Logan and

Doughton, along with other individuals at the scene.  [Exh. C, p. 65.]  Thomas Logan attempted

to punch Richard Matthews on the date of the incident without reason or justification.  [Exh. C,

p. 68.]  At some point during the incident, Thomas Logan's wife, Noreen Logan, jumped on

Matthews' back.  [Exh. C, p. 69.]  At the time that Noreen Logan jumped on Plaintiff's back she

had bit his right hand and his finger which dropped him to his knee and required medical

attention.  [Exh. C, pp. 69-70.]  At no time did Matthews punch anyone.  [Exh. C, p. 69.]  [Exh.

H, p. 44.]

8.      Admitted.  By way of further answer, it is admitted only that Noreen Logan pointed out

Matthews as the person who bit her finger.

9.      Denied.  As set forth above, Plaintiff was not involved in the fight, aside from attempting

to break it up. [Exh. C pp. 65, 68-70.]  Further, it is admitted that the Plaintiff had a cut on his

hands. It is denied that Matthews had marks consistent with punching someone in the face. [Exh.

C, pp. 63, 65, 68, 69].  It is further denied that these marks were consistent with having been in a

fight.  By way of further answer, the swelling, redness and cuts on Plaintiff's hands arose as a

result of him breaking up the fight between Brian Doughton and Thomas Logan as well as

Noreen Logan biting the Plaintiff's finger. [Exh. C, pp. 63, 65, 68-69].

10.     Denied.  The allegations set forth in this paragraph are conclusions of law not statements

of fact and, as such, are denied.

11.     Admitted.  By way of further answer, Plaintiff's Second Amended Complaint is a writing and, as such, speaks for itself.

12.     Admitted.

13.     Denied.  Marjorie Runco testified that Logan identified himself as a police officer and was directing the other Defendants Police Officers in their investigation.  [Exh. B, p. 68.] [Exh. A.] [Exh. B, p. 21].  To the contrary, Defendant Logan repeatedly identified himself as a police officer to the parties and non-party witnesses on the night of the incident. [Exh. B, p. 98]. [Exh. F, p. 43]. [Exh. G, Officer Arthur Transcript p. 42].  From the time of the incident, Defendants police officers have consistently and repeatedly ignored the information provided to them by non-party witnesses to the fight including Marc Runco, Robert Doughton, and Marjorie Runco and instead only sought and used information obtained from Thomas Logan and his wife Noreen Logan in preparing charges against the Plaintiff.  [Exh. A]. [Exh. D, Matthews Statement]. [Exh. B, pp. 68, 71, 93-94, 98]. [Exh. C, pp. 63, 65, 68-69]. By way of further answer, please see Plaintiff's Counter-Statement of Facts set forth below.

14.     Admitted.

15.     Denied.  Marjorie Runco testified that Logan identified himself as a police officer and was directing the other Defendants Police Officers in their investigation.  [Exh. B, p. 68.] [Exh. A.] [Exh. B, p. 21].

16.     Admitted.

17.     Admitted.  It is admitted that that Officer Flesher knew Thomas Logan at the time of the fight and knew him to be a police officer. [Exh. E, Officer Flesher Transcript p. 30].

18.     Admitted.  It is admitted that Officer Arthur knew Thomas Logan to be a police officer at the time of the fight. [Exh. F, Thomas Logan Transcript p. 14].

19.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

20.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

21.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

22.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

23.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

24.     Admitted.  By way of further answer, Plaintiff's second amended complaint is a writing and, as such, speaks for itself.

25.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

26.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

27.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

28      Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

29.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

30.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the

Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

31.     Admitted.  By way of further answer, Plaintiff's second amended complaint is a writing and, as such, speaks for itself.

32.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

33.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

34.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

35.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

36.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the

Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

37.     Admitted.  By way of further answer, Plaintiff's second amended complaint is a writing and, as such, speaks for itself.

38.     Admitted.

39.     Denied.  The allegations set forth in this paragraph are conclusions of law to which no response is required.  By way of further answer, the Defendant officers arrested Plaintiff without lawful justification. Defendant Logan, a police officer himself who had worked alongside the other Defendant officers identified Plaintiff as having been in a fight with him.  The Defendant officers completely disregarded information provided to them by non-party witnesses to the fight, and further omitted information they knew at the time of the preparation of the affidavit of probable cause in this case which was exonerating Plaintiff of the charges created by the Defendant officers. See Plaintiff's Brief in Opposition to the Defendants' Motions for Summary Judgment.

40.     Denied.  To the contrary, Defendant Logan repeatedly identified himself as a police officer to the parties and non-party witnesses on the night of the incident. [Exh. B, p. 98]. [Exh. F. p. 43]. [Exh. G, p. 42].  From the time of the incident, Defendants police officers have consistently and repeatedly ignored the information provided to them by non-party witnesses to the fight including Marc Runco, Robert Doughton, and Marjorie Runco and instead only sought and used information obtained from Thomas Logan and his wife Noreen Logan in preparing charges against the Plaintiff.  [Exh. A.] [Exh. D.] [Exh. B, pp. 68, 71, 93-94, 98]. [Exh. C, pp. 63, 65, 68-69]. By way of further answer, please see Plaintiff's Counter-Statement of Facts set forth below.

41.     Denied.  The allegations set forth in this paragraph are conclusions of law to which no response is required.  By way of further answer the Defendant officers arrested Plaintiff without lawful justification. See Plaintiff's Brief in Opposition.

42.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

43.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

44.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

45.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

46.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

47.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

48.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

49.     Admitted.  By way of further answer, the Plainitff's second amended complaint is a writing and, as such, speaks for itself.

50.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

51.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

52.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

53.     Denied.  Plaintiff's second amended complaint is a writing and, as such, speaks for itself.

54.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

55.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

56.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

57.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

58.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

59.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the

Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

60.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

61.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

62.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

63.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

64.     Denied.  The allegations contained in this paragraph are conclusions of law to which no response is required, by way of further answer, please see Plaintiff's brief in opposition to the Defendants' motions for summary judgment and the Plaintiff's counter-statement of facts in opposition to the Defendant's motion for summary judgment.

**WEISBERG LAW, P.C.**

<u>/s/ Graham F. Baird</u>
Matthew B. Weisberg, Esquire
Graham F. Baird, Esquire
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Matthews | : | |
| Plaintiff, | : | CIVIL ACTION NO.:  10-cv-1215 |
| v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : JURY OF TWELVE (12) JURORS DEMANDED | |
| Defendants | : | |

### <u>CERTIFICATE OF SERVICE</u>

I, Graham F. Baird, Esquire hereby certify that on this 28th day of May, 2013, a true and

correct copy of the foregoing Plaintiff's Opposition to the Amended Second Motion for

Summary Judgment filed by Police Officers Arthur, Borowitz and Flesher was served via e-filing

upon the following parties:

Anthony R. Sherr, Esq.
Mayers, Mennies & Sherr, LLP
3031 Walton Road
Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440

Paul Gregory Lees, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1495 Valley Center Parkway
Suite 350
Bethlehem, PA 18017-2342

**WEISBERG LAW, P.C.**


/s/ Graham F. Baird
Matthew B. Weisberg, Esquire
Graham F. Baird, Esquire
Attorneys for Plaintiff