UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Matthews | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 10-cv-1215 |
| v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN
OPPOSITION TO DEFENDANTS' MOTION TO STRIKE WITH PLAINTIFF'S
CROSS-MOTION TO ENLARGE TIME TO RESPOND TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT, *NUNC PRO TUNC***

I. **Introduction**

> Pleading is [not] a game of skill in which one misstep by counsel
> may be decisive to the outcome…the purpose of pleading is to
> facilitate a proper decision on the merits. Foman v. Davis, 371
> U.S. 178 (1962) (quoting Conley v. Gibson, 355 U.S. 41, 48).

II. **Operative Facts**

On April 23, 2013, this Honorable Court entered its subject Order. (Docket No. 76). The Order directed Defendants to re-file their summary judgment motions in strict compliance with LR 56.1. This Honorable Court had found Defendants' Motion for Summary Judgment fatally defective but granted Defendants leave to re-file in strict conformance. Therein that Order, the Court directed strict adherence to our federal and local rules, or "…non-compliant **Defendant**…" risks that re-filing's dismissal. (emphasis added). Additionally, the Order advised that Defendants' "…material failure to abide by these rules will result in the imposition of sanctions including [the re-filed motion's] dismissal."

Plaintiff had previously complied with this Honorable Court's rules upon Defendants' original Motion for Summary Judgment. Defendants did not comply but this Honorable Court granted their leave to re-file. The Order principally addresses Defendants' non-compliance.

However, it is uncontested that the Order directed Plaintiff to respond within 28 days thereof. By and through Plaintiff's counsel, counsel mis-read that deadline: counsel believed – albeit clearly incorrectly – that the Order allowed Plaintiff's response in opposition 28 days *from the entry of Defendants' motion* (not from the date of the Order). [Exh. A.]

Counsel (and not Plaintiff) made a reading error. Plaintiff's response in opposition was filed within 28 days of Defendants' motion.

Counsel apologizes to Defendants and this Honorable Court for his inadvertency. (Id.).

### III. Argument

#### A. Cross-Motion to Enlarge Plaintiff's Response Deadline

Defendants' original Motion for Summary Judgment was non-compliant. This Honorable Court granted Defendants leave to re-file per the aforesaid Order indicating *Defendants'* non-compliance would result in that renewed motion's dismissal. In directing Plaintiff's response deadline, Plaintiff mis-read that Order's deadline.

In In re: O'Brien Envtl. Energy, Inc., 188 F.3d 116, 125, N.7 (C.A.3 1999), the Third Circuit held that Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380, 395, 113 S.Ct. 1489 (1993) governed all "excusable neglect" inquiries. Drippe v. Tobelinski, 604 F.3d 778 (C.A.3 2010) (applying F.R.C.P 6(b)(1)(B)).

In Pioneer, *supra.*, the Supreme Court "exclusively rejected the argument that excusable neglect applies only to those situations where the failure to comply is a result of circumstances beyond the [Movant's] reasonable control." In In re O'Brien, *supra.*, "neglect" encompasses "omissions caused by carelessness," illustrating that "excusable" is an equitable determination that "tak[es] into account all relevant circumstances surrounding a party's omission." Id. The excusable neglect determination requires a four (4) factor analysis: (1) danger of prejudice to the

respondent; (2) length of delay and its potential impact on judicial proceeding; (3) the reason for the delay; and (4) whether the Movant acted in good faith. Id.

Instantly, the Pioneer factors all equitably balance in favor of this Honorable Court granting Plaintiff's Cross-Motion for enlargement of time, *nunc pro tunc*.

There is no prejudice to Defendants. The one (1) week omission will not materially impact on judicial proceedings. While regrettable, the omission was not made in bad faith and this application is made in good faith. Finally, the circumstances surrounding the delay also favors the instant motion's grant.

In reversing the District Court's refusal for enlargement out of time secondary to a deadline languishing unattended, the Third Circuit held excusable neglect in applying the Pioneer factors. In re Cendant Corp. PRIDES Litigation, 235 F.3d 176.

Notwithstanding the aforesaid factors all balance in favor of Plaintiff's Cross-Motion for Enlargement, this Honorable Court has (by the underlying subject Order) already excused Defendants' non-compliance – Plaintiff respectfully requests that same equity. To that end, federal litigation (especially, adjudications of dispositive motions) is designed towards a merits analysis as opposed to procedural default in light of an attempt at compliance. Stackhouse v. Mazurkiewicz, 951 F 2d 29 (3d Cir. 1991). In fact, our rules specifically preclude this Honorable Court from adjudicating a summary judgment motion as granted secondary to default. Shuey v. Schwab, 350 Fed. Appx. 630 (3d Cir. 2009).

If this Honorable Court denies Plaintiff's Cross-Motion, that denial may effectively not only circumvent the required merits and equity analyses but additionally requires balancing the Poulis factors – which additionally all weigh in favor of the Cross-Motion's grant. Poulis v. State Farm Fire and Casualty Co., 747 F. 2d 863 (3d Cir. 1984).

### B. Plaintiff's Counter-Statement of Material Facts

Plaintiff propounded his counter-statement of material facts upon the belief that they were material, short, concise and would aid this Honorable Court. As with Defendants' reference to Plaintiff's admittedly out-of-time response (which Defendants did not reference the *excusable neglect* standard, or any legal support whatsoever), Defendants do not elucidate why Plaintiff's belief is incorrect. On the contrary, as discussed above, the subject Order was primarily directed *to Defendants* per *Defendants'* previous default.

Defendants do not in any way explain with legal foundation as to why this Honorable Court should not only strike Plaintiff's Counter-Statement but deem Defendants' Statement of Material Facts admitted (as they have been separately responded).

All said, Plaintiff's response brief is meant to be read in its entirety; whether the Counter-Statement of Material Facts is separately set forth (as instantly) or a part of that brief is respectfully suggested as inconsequential. In fact, Plaintiff respectfully believes it is easier to identify material facts when they are separately set forth.

However, if this Court entertains deeming Defendants' statement of facts admitted, Plaintiff respectfully requests leave to amend his response upon this Court's opinion instructing Plaintiff as to his (at present unknown but broadly claimed) deficiencies.

## IV. Conclusion

Plaintiff's counsel mis-read this Honorable Court's Motion for Summary Judgment scheduling Order. That Order was primarily directed to Defendants for Defendants' prior non-compliance. Counsel and Plaintiff apologizes. Plaintiff respectfully suggests his counsel's inadvertency be excused as excusable neglect.

The Counter-Statement of Material Facts is to meant to aid this Honorable Court. Plaintiff is unaware of any order or rule which would cause this Honorable Court to strike that Counter-Statement and, further, deem Defendants' statement admitted. That said, if Plaintiff overlooked a rule or order (which Defendants do not cite) which would preclude the Counter-Statement or otherwise cause this Honorable Court to entertain deeming Defendants' statement as admitted, Plaintiff respectfully requests leave to amend (which opportunity has already been afforded Defendants).

Notwithstanding, Defendants' Motion should be denied in its entirety for its conclusory, unsupported, and broad allegations (which appear on their face to be vindictive). Plaintiff respectfully requests this Honorable Court's adjudication on the merits.

WHEREFORE, Plaintiff, Matthews, respectfully requests this Honorable Court deny Defendants' Motion to Strike and grant Plaintiff's Cross-Motion to Strike consistent with the attached proposed Order.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Matthews | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 10-cv-1215 |
| v. | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 11th day of June, 2013, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion to Strike with Plaintiff's Cross-Motion to Enlarge Time to Respond to Defendants' Motion for Summary Judgment, *nunc pro tunc* and Memorandum of Law in support thereof were served via ECF upon the following parties:

Anthony R. Sherr, Esq.
Mayers, Mennies & Sherr, LLP
3031 Walton Road
Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440

Paul Gregory Lees, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1495 Valley Center Parkway
Suite 350
Bethlehem, PA 18017-2342

WEISBERG LAW, P.C.

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiff