**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Matthews | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 10-cv-1215 |
| v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2013, upon consideration of Defendants, Police Officers, Arthur, Borowicz and Flesher's Motion for Reconsideration of the August 5, 2013 Order, and Plaintiff's Response in Opposition thereto, it is hereby ORDERED and DECREED that Defendants' Motion for Reconsideration is hereby DENIED.

_____
Robert D. Mariani, U.S.D.J.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Matthews | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 10-cv-1215 |
| v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. | : | |

### OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF THE AUGUST 5, 2013 ORDER

**I.   Introduction**

This matter arises as a result of Plaintiff, Richard Matthews' arrest occurring on February 15, 2009. Defendants Police Officers Arthur, Borowicz and Flesher ("Defendants") arrested, charged, detained and prosecuted Plaintiff in violation of his Fourth and Fourteenth Amendment rights. Defendants filed a revised Motion for Summary Judgment which was considered, and subsequently denied by the Court on August 5, 2013. That motion, and the brief submitted in support thereof, made various arguments for the dismissal of all Plaintiff's claims; however, the Court denied the motion, ruling that there are genuine issues of material fact which must be resolved at trial.

In support of their motion for summary judgment, Defendants made the same arguments they now attempt before the Court; namely, as police officers, Arthur, Borowicz and Flesher are entitled to absolute immunity from suit, that Defendants performed their job reasonably considering the information they had at the time of the incident, and are entitled to qualified immunity. The Court fully analyzed these issues and came to the opposite conclusion Defendants now seek. Defendants reassert the same arguments, offering no new law, no new

facts not cited in the original motion papers, and, as such, the Defendants Motion for Reconsideration should be denied.

Plaintiff respectfully submits that: (a) Defendants did not provide appropriate grounds for the Court to reconsider its earlier decision with respect to the Motion for Summary Judgment; (b) Defendants' arguments in that regard are without merit; and (c) in the event the Court considers Defendants' arguments meritorious, it should reconsider all of the grounds originally advanced by the Plaintiff in opposition of the previously ruled upon Motion for Summary Judgment.

## II. Legal Argument

For the reasons set forth by this Court in its memorandum Opinion, we oppose Defendants' argument that failure to reconsider the Court's August 5, 2013, Order will result in manifest injustice. Specifically, we point out that Opinion, where it held:

> "It is well-established that to prove malicious prosecution under Section 1983, a plaintiff must show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding."
>
> Here there are no disputes as to plaintiff's compliance with requirements (1), (2), and (5). Whether to grant the motion for summary judgment hinges on whether requirements (3) and (4) have been met. …the court cannot find as a matter of law that the defendants had probable cause to arrest Matthews or that they acted without malice or acted only for the purpose of bringing Matthews to justice.

Court opinion at pp. 10-11 (Internal citations omitted). As set forth in this Opinion, Defendants attempt to support their arguments that Plaintiff's claim should be dismissed by solely focusing on the deposition testimony of only one witness, Nancy Logan, who testified

favorably to her husband, Defendant Thomas Logan [1]. As set forth in Plaintiff's original opposition to the motions for summary judgment, there was ample testimony from other witnesses to the entire altercation that when viewed in the light most favorable to Plaintiff. As such, the issue of whether the Police Officer Defendants had probable cause to arrest Plaintiff at the time of the incident must be decided by a jury. This Honorable Court already addressed the entire issue as to whether the facts submitted for consideration on the Motion for Summary Judgment would give rise to a claim of malicious prosecution against the Defendants and found that in light of the differences in testimony between the deposition testimony of Noreen Logan and the deposition testimony of Marjorie Runco and Mark Runco (and others), the issue as to whether the police officer Defendants have probable cause to arrest Matthews is an issue to be resolved by the jury. See, Opinion.

In addition, Defendants argue that this Honorable Court committed manifest injustice by failing to adequately address Defendants' qualified immunity arguments. This argument is wholly without merit. As set forth in this court's opinion and the Plaintiff's original submission in opposition to the Defendants' Motion for Summary Judgment it is clear that Defendants are not entitled to qualified immunity. Essentially, the qualified immunity analysis is nearly identical to the analysis set forth by the Court when examining whether a malicious prosecution claim is sufficiently set forth by Plaintiff.

In general, the existence of probable cause in the Section 1983 action is a jury question. <u>Merkel v. Upper Dublin School District</u>, 211 F.3d 782 (3rd. Cir. 2000). Further government officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly establishes statutory or constitutional

---

[1] Defendant Logan's Motion for Summary Judgment was also denied in this matter, and Defendant Logan has not sought reconsideration of this Honorable Court's Order of August 5, 2013.

rights of which a person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727, 73 L.Ed.2d 396 (1982). The Supreme Court's decisions placed a special emphasis on the reasonableness of an officer's actions requiring courts to make an objective inquiry into the facts facing the officer at the time of the act. Id. at 815-19. The analysis begins with the threshold qualified immunity question to determine whether a jury could find that Plaintiff was deprived of a constitutional right. Essentially, the qualified immunity analysis hinges on whether the officer in question has violated the Plaintiff's constitutional rights and, as this court plainly set forth in its opinion of August 5, 2013, a reasonable jury could find that the Police Officer Defendants arrested Plaintiff without probable cause and selectively enforced (i.e., arresting Plaintiff for aggravated assault while ignoring the investigation of the fight by Defendant Logan and not arresting Defendant Logan), Defendants are not entitled to any qualified immunity. See generally, Mitchell v. Obenski, 134 Fed. Appx. 548 (3d Cir. 2005).

Defendants futilely attacked the Court's legal reasoning concerning the selective enforcement claim analysis as well. Setting aside the fact that the selective enforcement claim was properly decided by this Court on the merits[2], Defendants now seek to submit entirely new arguments in the instant motion for reconsideration. Defendants' arguments should be dismissed and their motion for reconsideration should be denied.[3] Consequently, this court is, in fact,

---

[2] This Court correctly noted that the "selective enforcement" claim labeled in the Complaint as "selective prosecution" is properly treated, and has been litigated, as a claim for selective enforcement as against the police officer Defendants. Further, the Court is permitted to allow amendments of claims to conform to the evidence, absent prejudice. See, generally, McKenna v. City of Philadelphia, 2009 WL 2096237 *7 (Ed.Pa. 2009).

[3] In the prior two rounds of Motions for Summary Judgment, Defendants failed to raise the argument it now raises concerning the selective prosecution claim versus a selective enforcement claim. It is not the province of the court to raise these arguments on behalf of litigants represented by counsel nor should the court allow Defendants to submit new arguments which were previously available at the time of the Motions for Summary Judgment. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration is not an opportunity for the party to present previously available evidence or new arguments." Pennsylvania v. Beazer East, Inc., 2011 WL 4527356 *2 (W.D. Pa. 2011), citing Federico v. Charterers Mutual Assurance Association Limited, 158 F.Supp. 2d 565, 577-78 (E.D. Pa. 2001). (Internal citations omitted).

precluded from considering Police Defendants' new arguments concerning selective prosecution versus selective enforcement.  See, Pennsylvania v. Beazer East, Inc., at *2.

Finally, the Police Officer Defendants submit, once again, an argument that the Police Officer Defendants are entitled to absolute immunity from suit, including Section 1983 claims.  This argument is also without merit and should be denied.  The court's opinion dated August 5, 2013, is filled with citations of civil actions against police officers, both meritorious and non-meritorious, including grants of summary judgment on separate grounds.  Police Officer Defendants enjoy no absolute immunity when it can be shown that they have knowingly and/or recklessly disregarded and violated a Plaintiff's Fourth or Fourteenth Amendment rights.  See, 42 U.S.C.A. Section 1983, annotations.

### III.  Conclusion

For the reasons set forth above, Plaintiff, Richard Matthews, respectfully requests this Honorable Court deny the Police Officer Defendants' motion for reconsideration, and order any further and other relief as the court deems proper.

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
Matthew B. Weisberg
Graham F. Baird, Esquire
Attorneys for Plaintiff

---

"A motion for reconsideration may not be used to present a new legal theory for the first time or to raise new arguments that could have been made in support of the original motion." McNeal v. Maritank Philadelphia, Inc., No. CIV. A. 97-0890, 1999 WL 80268, at *4 (E.D. Pa. Jan. 29, 1999).

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Matthews | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.:  10-cv-1215 |
| v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 29th day of August, 2013, a true and correct copy of the foregoing Opposition to Defendants' Motion for Reconsideration of the August 5, 2013 Order was served via ECF upon the following parties:

Anthony R. Sherr, Esq.
Mayers, Mennies & Sherr, LLP
3031 Walton Road
Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440

Paul Gregory Lees, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1495 Valley Center Parkway
Suite 350
Bethlehem, PA 18017-2342

                                                           **WEISBERG LAW, P.C.**

                                                           /s/ Graham F. Baird
                                                           Matthew B. Weisberg
                                                           Graham F. Baird, Esquire
                                                           Attorneys for Plaintiff