**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Matthews | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 10-cv-1215 |
| v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS |
| | : | DEMANDED |
| Defendants. | : | |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

Plaintiff, Richard Matthews ("Plaintiff"), by and through his undersigned attorneys, submit this pre-trial memorandum in advance of the Pre-Trial Conference set to proceed via telephone on Tuesday, February 25, 2013, and in support thereof, states as follows:

Date Conference was held by Counsel: February 11, 2014.

**I. Brief statement as to federal court jurisdiction:**

This Honorable Court has jurisdiction by way of federal question, pursuant to 28 U.S.C. Section 1331.

**II.   A summary of statement of facts and contentions as to liability.**

Defendants, Arthur, Flesher and Borowicz are liable to Plaintiff for various constitutional violations under 42 U.S.C Section 1983, arising out of a malicious prosecution and selective enforcement, in which Plaintiff was arrested by these police officers after a fight occurred involving Defendant Logan and non-party Brian Doughton.

Defendant Logan is a police officer and was known to the other Defendant Police Officers at the time of the arrest. The facts show that the Defendant Police Officers willfully ignored exculpatory evidence provided to them prior to Plaintiff's arrest, which

demonstrated that Plaintiff was not an instigator of the fight nor had committed any crime whatsoever. Defendant Logan was not arrested despite appearing to the Defendant Officers to be extremely intoxicated, violent and out of control. Police Officer Defendants violated Plaintiff's constitutional rights by arresting him solely based on evidence obtained from a drunken and violent Thomas Logan and his wife, Noreen Logan, and in spite of exculpatory evidence they willfully ignored. Further, see Plaintiff's Counter Statement of Facts submitted in this case at Doc. 84.

### III. Stipulated Facts:

1. On the night of February 15, 2009, a fight broke out at Runco's Bar and Grill in Olyphant, Pennsylvania.

2. The fight began between Defendant, Thomas Logan and non-party, Brian Doughton.

3. The fight moved outside, at which point, Plaintiff, Richard Matthews became involved.

4. Defendants, Officers, William Arthur, Brian Borowicz and Joseph Flesher arrived on the scene.

5. The Defendants Officers arrested Plaintiff and Brian Doughton in connection with the fight.

6. Matthews was acquitted of simple assault and disorderly conduct charges and an aggravated assault charge was dismissed through nolle prosequi.

### IV. Statement of Damages.

Plaintiff seeks damages for his criminal defense fees ($8,000), damages for constitutional violation and emotional distress as well as pain and suffering (estimated $150,000). Plaintiff also seeks punitive damages (to be assessed by the jury) and attorneys fees (upon application to the Court).

**V. – Witnesses and Summary of Testimony:**

**Only the witnesses whose names and addresses are listed herein will be permitted to testify at the time of trial. For each witness listed, there must be a brief description of their testimony.**

A.   Plaintiff's witnesses and summary of their testimony:

   1.   Plaintiff intends to call the following witnesses with regards to liability and damages and anticipates they will testify as follows:

   (1)   Plaintiff, Richard Matthews, of 1302 Diamond Avenue, Scranton, Pennsylvania will testify as to the incident that occurred on February 15, 2009, at Runco's Tavern in Olyphant, as well as his damages that he sustained as a result of the incident.

   (2)   Marjorie Runco, of 127 East Acorn Hill, Olyphant, PA is expected to testify about, the events that occurred on the date of the incident.

   (3)   Marc Runco, of 127 East Acorn Hill, Olyphant, PA is expected to testify about, the events that occurred on the date of the incident;

   (4)   Michael Toth of 3 Siniawa Drive, Archbald, Pennsylvania is expected to testify about the events that occurred on the date of the incident.

   (5)   Noreen Logan of 515 Thomas Drive in Dunmore, Pennsylvania is expected to testify about the events that occurred on the date of the incident.

   (6)   Edward Doughton of 124 Lincoln Street in Olyphant, Pennsylvania is expected to testify about the events that occurred on the date of the incident;

   (7)   Brian Doughton of 216 Gravity Street in Olyphant, Pennsylvania is expected to testify about the events that occurred on the date of the incident;

(8) Robert Doughton of 710 East Scott Street in Olyphant, Pennsylvania is expected to testify about the events that occurred on the date of the incident;

(9) Plaintiff intends to call Defendant, Thomas Logan, who is expected to testify as to what he observed on the date of the incident.

(10) Plaintiff intends to call Defendant, William Arthur, who is expected to testify as to what he observed on the date of the incident, as well as interviews he obtained following the incident.

(11) Plaintiff intends to call Defendant, Joseph Flesher, who is expected to testify as to what he observed on the date of the incident, as well as interviews he obtained following the incident.

(12) Plaintiff intends to call Defendant, Brian Borowicz, who is expected to testify as to what he observed on the date of the incident, as well as interviews he obtained following the incident.

(13) Custodians of records for admissibility and authentication purposes.

**VI.    Summary of Expert Testimony:**

Not applicable.

**VII. Special comment about pleadings and discovery, including depositions an the exchange of medical reports:**

Motions in Limine are currently pending.

**VIII. A summary of legal issues involved and legal authorities relied upon.**

Plaintiff will provide a full discussion of legal theories and legal authority in his trial brief due on March 3, 2014. Generally, the legal issues here are whether the Plaintiff was arrested without probable cause and whether Defendants Police Officers violated his constitutional rights by arrested and initiating criminal charges against him.

**IX.    Stipulations Desired.**

No objections as to authenticity of documents to forego the need to call custodians of record to the witness stand.

**X.    Estimated Time for Trial.**

Three to four days.

**XI.   Any other pertinent matter with respect to trial.**

None.

**XII.  Exhibit List.**

**1.    Plaintiff intends to introduce the following exhibits into evidence (list by numbers with a description of each exhibit):**

1. Plaintiff's operative complaint;

2. Answer of Defendants, Arthur, Borowicz and Flesher;

3. Defendant, Thomas Logan's answer;

4. Transcript of Preliminary Hearing in underlying criminal matter, dated May 6, 2009;

5. Notice of Preliminary Hearing, dated February 19, 2009;

6. Notice of Preliminary Hearing, dated February 20, 2009;

7. Criminal Docket in Underlying Matter, Docket Number: CP-35-CR-0001163-2009

8. Lackawanna County Booking Report;

9. Richard Matthews Statement;

10. Affidavit of Probable Cause, dated February 17, 2009;

11. Arrest Warrant;

12. Criminal Complaint for Richard Matthews;

      13.     Statement of Marjorie Runco.

      14.     Documents and materials used for impeachment and/or cross examination purposes.

**XIII.  Special Verdict Questions.**

      Plaintiff will submit proposed jury instructions and proposed verdict sheet questions in accordance with this Court's Order of August 22, 2013.

**XIV.  Certificate must be filed as required under Local Rule 30.10 that counsel have met and reviewed depositions and videotapes in an effort to eliminate irrelevancies, side comments, resolved objections, and other matters necessary for consideration by the trier of fact.**

      Not applicable.

**XV.  In all trials without a jury, requests for findings of both fact and law shall be submitted with this Memorandum as required under Local Rule 48.2.**

      Not applicable.

                     Respectfully Submitted:

                       /s/Graham F. Baird_____
                       Matthew B. Weisberg, Esquire
                       Graham F. Baird, Esquire
                       Weisberg Law
                       7 S. Morton Avenue
                       Morton, PA 19070

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard Matthews | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO.: 10-cv-1215 |
| vi. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS |
| | : | DEMANDED |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Graham F. Baird, Esquire, hereby certify that on this 21st day of February, 2014, a true and correct copy of the foregoing Pre-Trial memorandum was served via e-filing, upon the following parties:

Anthony R. Sherr, Esq.
Mayers, Mennies & Sherr, LLP
3031 Walton Road
Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440

Paul Gregory Lees, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1495 Valley Center Parkway
Suite 350
Bethlehem, PA 18017-2342

**WEISBERG LAW, P.C.**

/s/ Graham F. Baird
MATTHEW B. WEISBERG
GRAHAM F. BAIRD
Attorneys for Plaintiff