**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Matthews | : | |
|     Plaintiff, | : | CIVIL ACTION NO.: 10-cv-1215 |
|     v. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
|     Defendants | : | |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

**1.  Preponderance of the Evidence (3rd Cir. Model Instruction §1.10)**

Plaintiff has the burden in a civil action, such as this, to prove every essential element of Plaintiff's claim by a preponderance of the evidence. If Plaintiff should fail to establish any essential element of Plaintiff's claim by a preponderance of the evidence, you should find for Defendant Officers as to that claim.

[The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.]

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**2.        Credibility of Witnesses (3rd Cir. Model Instruction §1.7)**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility means whether a witness is worthy of belief.  You may believe everything a witness says or only part of it or none of it.   In deciding what to believe, you may consider a number of factors, including the following:

(1) the opportunity and ability of the witness to see or hear or know the things the witness testifies to;

(2) the quality of the witness's understanding and memory;

(3) the witness's manner while testifying;

(4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

(5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence;

(6) how reasonable the witness's testimony is when considered in the light of other evidence that you believe; and

(7) any other factors that bear on believability.

[The weight of the evidence to prove a fact does not necessarily depend on the number of witnesses who testify. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. ]

3. **Essential Elements of Plaintiff's Claim (3rd Cir. Model Instruction §4.3)** <u>**Modified**</u>

In order to prove Plaintiff's claim, the burden is upon Plaintiff to establish by a preponderance of the evidence of the following:

> That Defendant police officers performed acts that operated to deprive Plaintiff of one or more of Plaintiff's federal Constitutional rights, as defined and explained in these instructions, by initiating and/or ongoing causing a malicious prosecution and/or selective enforcement against the Plaintiff.

## 4. Malicious Prosecution (3rd Cir. Model Instruction §4.1.3) <u>Modified</u>[1]

Plaintiff, Richard Matthews claims that Defendants violated his Fourth Amendment rights by initiating the prosecution of Richard Matthews by arresting Richard Matthews for

1. Aggravated assault, a first degree felony. Defendants stated that Richard Matthews did attempt to cause or did intentionally, knowingly or recklessly cause serious bodily injury to Tom Logan under circumstances manifesting extreme indifference to the value of human life, that is to say the Defendant did punch the victim in the head area several times while the victim was being held down in violation of Section 2702(A)(1) of the PA Crimes Code; and

2. Simple assault, a second degree misdemeanor. Defendants stated that Richard Matthews did attempt to cause or did intentionally, knowingly or recklessly cause bodily injury to Tom Logan and Noreen Logan, is to say that Richard Matthews did punch him in the head area causing lacerations and swelling and biting Noreen's finger in violation of Section 2701(A)(1) of the PA Crimes Code; and

3. Disorderly Conduct. Defendants stated that Richard Matthews with intent to make or cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he made unreasonable noise, and did fight in violation of Section 5503(A)(2) of the PA Crimes Code.

To establish this claim of malicious prosecution, Plaintiff, Richard Matthews must prove the following things by a preponderance of the evidence:

First: Defendants, Arthur, Borowicz and Flesher initiated the criminal proceeding against Richard Matthews.

Second: Defendants, Arthur, Borowicz and Flesher lacked probable cause to initiate the proceeding.

Third: The criminal proceeding ended in Richard Matthews's favor.

Fourth: As a consequence of the proceeding, Plaintiff suffered a significant deprivation of liberty.

---

[1] Malice is not required for malicious prosecution; merely, the absence of probable cause. <u>Sykes v. Anderson</u>, 625 F. 3d 294, 309 (6th Cir. 2010) (<u>citing Brooks v. City of Winston-Salem, N.C</u>, 85 F. 3d 178,183-184 (4th Cir. 1996)).

In this case, the first, third and fourth of these issues are not in dispute:  Defendants admit that he initiated the criminal proceeding; and I instruct you that the criminal proceeding ended in plaintiff's favor and that plaintiff suffered a deprivation of liberty consistent with the concept of seizure.

As to the second element of plaintiff's malicious prosecution claim, Mr. Matthews must prove that Defendants lacked probable cause to initiate the proceeding.  To determine whether probable cause existed, you should consider whether the facts and circumstances available to Defendants would warrant a prudent person in believing that Plaintiff had committed the crime of aggravated assault, simple assault and disorderly conduct.

[Define the relevant crime under state law, as stated above.]

**5.      Selective Enforcement.**

In this case, Plaintiff, Richard Matthews is alleging that Defendants Arthur Borowicz and Flesher arrested Plaintiff, thus interfering with his exercise of a fundamental right, i.e., the right to be free from unreasonable seizure.   The Defendants selectively enforced the law by arresting Plaintiff, and not arresting Thomas Logan, an individual similarly situated to Plaintiff.

Plaintiff, Richard Matthews claims that Defendants violated his Fourteenth Amendment rights by (1) enforcing the law unequally between similarly situated people and (2) enforcing the law unequally on the basis of an unjustifiable standard or some arbitrary factor.[2]

Here, Plaintiff alleges that Defendants enforced the law unequally between Plaintiff and Tom Logan, because Tom Logan was a police officer at the time of the incident, and Plaintiff was not, and based upon the information the police officers had at the time of the arrest, Thomas Logan's conduct warranted arrest as much, if not more, than the conduct of Plaintiff at the time of the arrest.

If you find that Defendants arrested the Plaintiff, and did not arrest Logan, due to the fact that Logan was a police officer at the time of the incident and Plaintiff was not, you may find Defendants violated Plaintiff's Fourteenth Amendment rights were violated.

---

[2] Holder v. City of Allentown, 987 F.2d 188, 197 (3d. Cir. 1993).

**6. Action under Color of State Law-§1983 (3rd Cir. Model Instruction 4.4.1)**

Because Defendants were officials of the municipalities of the Olyphant Police Department, at the relevant time, I instruct you that they were acting under color of state law. In other words, this element of Plaintiff's claim is not in dispute, and you must find that this element has been established.

**7.    §1983-Damages-Compensatory Damages (3rd Circuit Model 4.8.1) - Modified**

I am now going to instruct on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not Defendants should be held liable.

If you find one or more Defendants liable, then you must consider the issue of compensatory damages. You must award Plaintiff an amount that will fairly compensate him for any injury he actually sustained as the result of Defendants' conduct.

Plaintiff has the burden of proving compensatory damages by preponderance of the evidence.

Plaintiff claims the following items of damages:

- Physical harm to plaintiff during and after the events at issue, including ill health, physical pain, disability, disfigurement or discomfort, and any such physical harm that plaintiff is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.
- Emotional and mental harm to plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional mental harm that Plaintiff is reasonably certain to experience in the future.

In assessing damages you must not consider attorneys fees or the cost of litigating this case. Attorney's fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney's fees and costs should play no part in your calculation of any damages.

**8.     §1983 – Damages – Nominal Damages (3rd Cir. Model 4.8.2)**

If you return a verdict for Plaintiff but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages as I instructed, rather than nominal damages.

**9.     Punitive Damages**

In addition to actual damages, the law permits the jury, under certain circumstances, to award the injured person punitive and exemplary damages, in order to punish the wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If you find from a preponderance of the evidence in this case, that the Plaintiff is entitled to a verdict for actual compensatory damages, and you further find that the act or omission of the Defendant(s) which proximately caused actual injury or damage to the Plaintiff, was maliciously, or wantonly, or oppressively done, than you may add to the award of actual damages such amount as you shall unanimously agree to be proper, as punitive and exemplary damages. An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups or categories of which the injured person is a member.

An act or a failure to act is "wantonly" done, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the injured person. An act or failure to act is "oppressively" done, if done in a way or manner which injures, or damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, or disability, or misfortune of another person.

Whether or not to make an award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of the jury, if you unanimously find, from a preponderance of the evidence in this case, that the Defendants' acts or omissions, which

proximately caused actual damage to the Plaintiff, was maliciously or wantonly or oppressively done; the award of even a nominal sum on account of actual damages would allow the award of punitive damages in such amount as you deem appropriate, if you find that the award of punitive damages is justified under these instructions. And you should bear in mind, not only the conditions under which, and the purposes for which, the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of punitive damages, when awarded, must be fixed with calm discretion and sound reason, and must never either awarded, or fixed in amount, because of any sympathy, or bias, or prejudice with respect to any party to the case.

<u>Devitt, Blackmar and Wolf</u>, Federal Jury Practice and Instructions, Volume III (4th Edition), Section 85.19 (damages-punitive and exemplary – when caused by intentional tort- "maliciously"-"wantonly"-"oppressively"-defined); Section 85.18 (nominal damages).

                                            Respectfully Submitted,

                                            <u>/s/ Graham F. Baird_____</u>
                                            Matthew B. Weisberg, Esquire
                                            Graham F. Baird, Esquire
                                            Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Richard Matthews | : | |
|     Plaintiff, | : | CIVIL ACTION NO.:  10-cv-1215 |
| vi. | : | |
| | : | |
| Runco's Tavern & Grill, Inc., et al | : | |
| | : | JURY OF TWELVE (12) JURORS DEMANDED |
|     Defendants | : | |

**CERTIFICATE OF SERVICE**

    I, Graham F. Baird, Esquire, hereby certify that on this 3rd day of March, 2014, a true and correct copy of the foregoing Plaintiff, proposed jury instructions was served via ECF upon the following parties:

Anthony R. Sherr, Esq.
Mayers, Mennies & Sherr, LLP
3031 Walton Road
Building A, Suite 330
P.O. Box 1547
Blue Bell, PA 19422-0440

Paul Gregory Lees, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1495 Valley Center Parkway
Suite 350
Bethlehem, PA 18017-2342

                                                              **WEISBERG LAW, P.C.**

                                                              /s/ Graham F. Baird
                                                              Matthew B. Weisberg, Esquire
                                                              Graham F. Baird, Esquire
                                                              Attorneys for Plaintiff